STATE ex rel. WHORLEY, Relator, v. DISTRICT COURT ET AL., Respondents.

(No. 6,773.)

(Submitted October 9, 1930. Decided October 27, 1930.)

[292 Pac. 904.]

*Mr. C. F. Morris* and *Messrs. Hurd, Hall & McCabe*, for Relator, submitted an original and a reply brief; *Mr. E. J. McCabe* argued the cause orally.

*Messrs. Belden & DeKalb* and *Messrs. Cooper, Stephenson & Hoover*, for Respondents, submitted a brief; *Mr. O. W. Belden* argued the cause orally.

MR. JUSTICE FORD delivered the opinion of the court.

This is an original application to this court for an order under its supervisory power to annul an order of the district court of Cascade county fixing a supersedeas bond, an order for a writ of assistance, and a writ of assistance issued by that court.

On September 17, 1930, a judgment and decree was made and entered by the respondent court in favor of Patton-Kjose Company and against relator, by which it was decreed that plaintiff, relator herein, take nothing, and that defendant, Patton-Kjose Company, "is the owner and entitled to the immediate possession of that certain elevator and elevator premises at Chester, in Liberty county, Montana, * * *

and that any and all rights of plaintiff therein and thereto, including the right of possession thereof, are hereby ended and determined,'' and that it have and recover of and from plaintiff the sum of $1,327.02, together with costs and disbursements taxed in the sum of $145.50. On September 22, notice of appeal from the judgment was served and filed, and on September 25, an undertaking for costs on appeal, as required by sections 9733 and 9734, Revised Codes 1921, was filed and notice thereof given defendant's attorneys.

On September 23, a hearing was had before the court for the purpose of determining the penalty of a bond which would be required to stay the operation of the decree pending appeal. The court fixed the same in the sum of $5,000 with the condition, however, ''that the amount of such undertaking should be increased to the sum of $16,000 if at any time pending the appeal the plaintiff should not occupy or use the elevator premises in such way that defendant could preserve its insurance upon the elevator and that proceedings under that part of the decree relating to the possession should be stayed if such bond were furnished in addition to the statutory bond staying the execution of that part of the decree directing the payment of money.''

On September 29, attorneys for Patton-Kjose Company filed application and motion for a writ of assistance, whereby it was sought to obtain possession of the elevator premises. The time for hearing was shortened by order of court and hearing set for September 30. Thereafter, and before such hearing, attorneys for relator presented to the court an order fixing the amount of the bond to stay proceedings in so far as it related to the possession of the premises. The court refused to sign the order. Objections were filed to the application for writ of assistance. At the opening of the hearing thereon, relator tendered to the court a bond in the penal sum of $5,000 to stay proceedings on the decree relating to possession of the premises, which was defective in form. On October 1, the court made its order which, after reciting the proceedings

had subsequent to judgment, proceeds: "At such hearing the court allowed the plaintiff and appellant 24 hours in which to furnish the bonds staying the execution of that part of said judgment or decree directing the payment of money according to law and proper bond in the sum of $5,000 staying the proceedings under that part of said judgment or decree relating to the possession of the property therein described. Such bonds not having been furnished within said 24 hours so allowed, except corrected use and occupation and waste bond: It is hereby ordered that the writ of assistance issue as prayed for in the motion and application therefor." Writ of assistance issued on the same day. Prior to the signing of the order for the issuance of the writ, relator presented to the court and later filed with the clerk of the district court a corrected surety bond in the amount of $5,000 for the purpose of staying the operation of the judgment so far as it concerns the possession of the elevator premises. Thereupon this proceeding was brought to annul that part of the order requiring a bond to secure the payment of the money, the order for a writ of assistance, and the writ of assistance. In response to the order to show cause issued by this court, the respondent court filed a motion to dismiss the proceedings together with a duly verified return.

The determinative question presented is whether the district court acted within authority in requiring, in addition to the use and occupation bond, an undertaking to secure the payment of the money judgment.

An appeal from a judgment directing the payment of money "does not stay the execution of the judgment * * * unless a written undertaking be executed on the part of the appellant, by two or more sureties, to the effect that they are bound in double the amount named in the judgment," and that, if the judgment appealed from, or any part thereof, be affirmed, or the appeal dismissed, the appellant will pay the amount directed to be paid by the judgment, or such part as to which the judgment is affirmed, together with all damages and costs

which may be awarded against appellant upon appeal. (Sec. 9735, Rev. Codes 1921.) If the judgment appealed from directs the delivery of real property, the execution is not stayed unless a written undertaking be executed on the part of appellant, with two or more sureties, "to the effect that during the possession of such property by the appellant, he will not commit, or suffer to be committed, any waste thereon, and that if the judgment be affirmed, or the appeal dismissed, he will pay the value of the use and occupation of the property from the time of the appeal until the delivery of the possession thereof, pursuant to the judgment or order, not exceeding the sum to be fixed by the judge of the court by which the judgment was rendered or order made, and which must be specified in the undertaking." (Sec. 9738, Rev. Codes 1921.) Thus it will be seen that, in case of appeal from a money judgment, the amount of the undertaking on appeal as well as its conditions are fixed, and the district court has no discretion in those matters, while, on appeals under section 9738, supra, the conditions of the undertaking are fixed but the amount thereof is fixed and determined by the court.

Since defendant was awarded a money judgment, which clearly comes within the purview of section 9735, we think it clear that the bond for use and occupation is of no effect so far as that part of the judgment is concerned. Defendant may have execution issued thereon. But the remainder of the judgment is governed by the provisions of section 9738, supra. If it stood alone, there can be no doubt that the district court, in its discretion, would be authorized to allow a supersedeas and fix the amount of the undertaking deemed necessary to afford protection to the defendant. Does the fact that the judgment awarding immediate possession of the real property is a part of a judgment which awards a money judgment alter the rights of the parties? We think not.

In substance, there are two judgments, one for the recovery of money, and one for the possession of real property. Our statutes do not require, and justice to relator forbids, that

this circumstance be held to compel him to furnish a supersedeas bond to stay execution of the money judgment, which relator may not be able to do, in order to stay execution of that part of the judgment awarding to defendant the immediate possession of the real property. (See 8 Bank on Code Practice, 8695; *State ex rel. Baxter* v. *Baxter*, 4 Neb. (Unof.) 869, 96 N. W. 647; *Barton* v. *Wickizer*, 41 Wash. 293, 83 Pac. 312; *Lacaff* v. *Dutch Miller Min. & S. Co.*, 31 Wash. 566, 72 Pac. 112; *Aetna Ins. Co.* v. *Robertson*, 127 Miss. 440, 90 South. 120; *Porter* v. *Small*, 62 Or. 574, Ann. Cas. 1914C, 536, 40 L. R. A. (n. s.) 1197, 120 Pac. 393; *Covington Stock-Yard Co.* v. *Keith*, 121 U. S. 248, 30 L. Ed. 914, 7 Sup. Ct. Rep. 881.)

"When the statute itself definitely fixes the amount or conditions, the court has no authority to fix a different amount or different conditions; and a condition imposed in addition to those required by statute is void" (3 C. J. 1309); and, "where the statute gives the right to a supersedeas or stay absolutely on compliance with certain conditions, the court cannot interfere with the operation of the statute by imposing terms and conditions not authorized thereby" (3 C. J. 1293). So here section 9738 fixes the conditions of the undertaking, and only the amount thereof is left to be fixed by the court. Upon application of relator, the amount of the undertaking for use, occupation and waste was fixed and determined, and the court was without authority to impose the additional condition that relator furnish an undertaking for that part of the judgment directing the payment of money; to that extent the order is void.

Counsel for defendant insist that the judgment is not one for the possession of real property, and, in consequence, the provisions of section 9738 have no application. The judgment recites "that the defendant Patton-Kjose Company is the owner and entitled to the immediate possession" of the property described, and "that any and all rights of plaintiff therein and thereto, including the right of possession thereof, are hereby ended and determined." Manifestly the judgment

directs the delivery of the possession of the real property to defendant, which may be enforced by a writ of assistance, and the provisions of section 9738 are applicable.

It is argued that this proceeding cannot be maintained, since ▮ relator has a remedy by appeal, and therefore supervisory control will not lie. The fact that an appeal lies from the order granting a writ of assistance does not afford sufficient ground to deny the writ. One of the functions of the writ of supervisory control "is to enable this court to control the course of litigation in the inferior courts where these courts are proceeding within the jurisdiction, but by a mistake of law, or willful disregard of it, are doing a gross injustice, and there is no appeal, or the remedy by appeal is inadequate. Under such circumstances, the case being exigent, no relief could be granted under the other powers of this court, and a denial of a speedy remedy would be tantamount to a denial of justice." (*State ex rel. Whiteside* v. *First Judicial District Court,* 24 Mont. 539, 63 Pac. 395, 400; *State ex rel. Larsen* v. *District Court,* 78 Mont. 435, 254 Pac. 414.)

Does the remedy by appeal afford an adequate remedy? We think not. Pending the determination of the appeal from the judgment, relator may be dispossessed at any time by the execution of the writ of assistance. An undertaking in the form prescribed by statute and in the amount fixed by the court has been tendered to the respondent judge, and filed with the clerk of the district court; yet the possession of the property may be taken from him without notice and without further proceedings. In other words, to deny the writ would be tantamount to the denial of an appeal and a nullification of section 9738, supra.

The motion to quash the alternative writ is denied. A sufficient use and occupation bond in the sum of $5,000 having been filed, it is ordered that so much of the order of the district court requiring relator to furnish an undertaking to stay execution on the money judgment, the order for a writ of assistance, and the writ of assistance, be, and they are

hereby, annulled. Let a writ of supervisory control issue accordingly.

MR. CHIEF JUSTICE CALLAWAY and MR. JUSTICE ANGSTMAN concur.

ASSOCIATE JUSTICES MATTHEWS and GALEN, being absent, did not hear the argument and take no part in the foregoing decision.