DEMOS, APPELLANT, *v.* DOEPKER ET AL., RESPONDENTS.

(No. 8389.)

(Submitted June 28, 1943. Decided September 20, 1943.)

[141 Pac. (2d) 372.]

184

*Mr. Lyman H. Bennett, Jr.,* for Appellant, 

*Messrs. Frank E. Blair, M. J. Doepker* and *William B. Frame,* for Respondents, *Mr. Doepker* and *Mr. Frame* argued the cause orally.

MR. JUSTICE ADAIR delivered the opinion of the court.

Application for order to stay proceedings pending determination of appeal.

On June 24, 1942, the appellant commenced this suit in equity to quiet title to certain mining property situate in Madison county, Montana. Thereafter and on September 21, 1942, in said action, the district court appointed William Dunkel receiver. He immediately qualified by furnishing an approved surety bond in the sum of $5,000 and subscribing to the oath of office following which he took possession of all the properties involved. From the order of appointment an appeal was taken.

Almost nine months after the appointment of the receiver, to-wit, on June 10, 1943, the appellant filed herein a motion seeking an order of this court to stay all proceedings in the court below relating to the order appealed from, basing her motion on the provisions of section 9739, Revised Codes, a statute of *general* application which provides: "Whenever an appeal is perfected, *as provided in the preceding sections of this chapter*, it stays all · further proceedings in the court below upon the judgment or order appealed from, or upon the matters embraced therein * * *; but the court below may proceed upon any other matter embraced in the action, and not affected by the order appealed from. * * *"

The appeal herein is perfected pursuant to certain sections of the codes which precede section 9739, supra. One of such preceding sections, namely, section 9731, Revised Codes, authorizes an appeal from an order appointing a receiver. It *specifically* provides that in such case "the supreme court, or a judge thereof, may stay all proceedings under the order appealed from, on such conditions as may seem proper." Thus is there a *specific* provision governing the stay of proceedings upon an appeal from an order appointing a receiver set forth in a section which precedes section 9739, Revised Codes.

Despite such particular and *specific* provision of section 9731, subdivision 2, Revised Codes, supra, appellant contends that under the general provisions of section 9739, Revised Codes, the giving, by her, of the $300 undertaking for costs on appeal, prescribed by section 9734, Revised Codes, entitles her, as a matter of right, to a stay of all proceedings relating to the order appoint-

ing the receiver, including a suspension of all the powers of the receiver pending a determination of the appeal and without the furnishing by appellant of any supersedeas bond.

We do not so read the statutes. Before the appellant may ground her right to a stay of proceedings upon the *general* provisions of section 9739 she must first show the absence "in the preceding sections" of this chapter of any provisions *specifically* governing her case and this she cannot do.

If appellant's case came within the *specific* provisions prescribed for the stay of proceedings in the cases mentioned in sections 9735, 9736, 9737, or 9738, Revised Codes, appellant certainly would not be permitted to disregard such *specific* provisions and to seize upon the more advantageous *general* provisions of section 9739. Likewise, where, as here, subdivision 2 of section 9731 prescribes the *specific* method of obtaining a stay of proceedings in a case where the appeal is from an order appointing a receiver the appellant may not ignore such *specific* provisions and insist that her case comes within the *general* or "catch-all" provisions of section 9739, which were intended to apply only to cases not already provided for in the code sections which precede section 9739, supra. In other words, appellant's case is *specifically* provided for in section 9731, and for such reasons the *general* provisions of section 9739, supra, do not apply. The mere giving of the $300 undertaking for costs on appeal does not effect a reversal of the action of the trial court, nor does it supersede the trial court's order appointing a receiver for the protection of the property *pendente lite.* This court long ago recognized the right of a trial court, under proper circumstances, to appoint a receiver to preserve the property in litigation pending appeal (*State ex rel. Boston & Montana Consolidated C. & S. Mining Co.* v. *Second Judicial District Court*, 22 Mont. 241, 56 Pac. 281) and we are not now prepared to nullify such decision by holding that the protection so afforded may be destroyed by the simple device of appealing from the order of appointment and filing a $300 undertaking for costs on appeal. As before stated, the receiver has filed, in this case, an approved

bond in the amount of $5,000 and he operates under the direction of the court. If the receiver's bond be deemed inadequate, on proper application and showing, it may be increased. Thus are the interested parties protected. What would become of such protection, however, if the mere giving by appellant of an undertaking on appeal in the paltry sum of $300 were to effect a suspension of the receiver's functions and a delivery of the property to appellant? Respondents have as much need for adequate protection *pendente lite* as has the appellant. The $300 bond for costs on appeal prescribed by section 9734, Revised Codes, affords no protection in the event the property is injured, disposed of or destroyed pending appeal. The motion for stay is denied.

ASSOCIATE JUSTICES ANDERSON, MORRIS and ERICKSON concur.

MR. CHIEF JUSTICE JOHNSON, deeming himself disqualified, takes no part in the above decision.