DEMOS, APPELLANT, *v.* DOEPKER ET AL., DEFENDANTS; WEYERSTALL, APPELLANT.

(No. 8389.)

(Submitted January 21, 1944. Decided June 17, 1944.)

[149 Pac. (2d) 544.]

*Mr. Lyman H. Bennett, Jr., Mr. F. W. Mettler,* and *Messrs. Speer & Hoffman,* for Appellant, submitted an original and a reply brief; *Mr. Bennett, Messrs. J. W. Speer* and *H. B. Hoffman* argued the case orally.

*Mr. M. J. Doepker* and *Mr. Frank E. Blair,* for Respondent, submitted an original and a supplemental brief; *Mr. Doepker* argued the cause orally.

Honorable JOHN HURLY, District Judge, sitting in place of Mr. Chief Justice JOHNSON, disqualified, delivered the opinion of the court.

This is an appeal from an order appointing a receiver. A motion was heretofore. made in this court for an order to stay

proceedings pending a determination of the appeal, which motion we denied in 115 Mont. 183, 141 Pac. (2d) 372.

The plaintiff commenced this action to quiet title to certain mining properties in Madison county, joining named defendants and persons unknown. One H. F. Weyerstall, not named as a defendant in the complaint, answered. The first paragraph of the answer is as follows:

"Comes now H. F. Weyerstall, and requesting the court that he be named one of the defendants, in the above-entitled cause, and for his answer to the complaint of the plaintiff on file herein admits," etc.

He then proceeds with a general denial and specifically denies that the defendant John Way has any interest in the property except as one of five trustees of a common-law trust entitled "Potosi Tungsten Mining Company," with M. J. Doepker, C. L. Valiant, John Way, William Demos and Henrietta Demos as trustees, all of whom were named as defendants by plaintiff. He alleges that the trust is the owner of the mining claims involved, and that the plaintiff has no valid interest therein. A cross-complaint is then set up wherein it is alleged, among other things, that the defendant is "the owner of a good and valid attachment lien against the mining claims which lien stands in the name of John Way" on the records of Madison county, and that the plaintiff's claim is without right.

It is further alleged that the plaintiff and William Demos, husband and wife, are two of the five trustees of the alleged common law trust; that it is the desire of the cross-complainant to establish his attachment lien on the property; that John Way's interest in the property has been sold and assigned to the cross-complainant; that at a meeting of the trustees, duly held, certificates for three thousand shares of common and five hundred preferred shares were issued in the name of himself, which certificates were signed by all the trustees except Mrs. Demos and never delivered to him; that the plaintiff has repudiated her trust as one of the five trustees, and now claims an interest adverse to her position as such trustee, and that she

is aided and abetted by William Demos, her husband; that John Way is absent from the state and is alleged to be in the armed forces of the United States and that his address is unknown to the cross-complainant; that the trustees have operated and developed the property over a period of years to the extent that returns could now, by proper management, be had for the benefit of the beneficiaries, but by reason of the attitude of the plaintiff and her husband the property lies idle to the irreparable injury of such beneficiaries; and that it is the desire of the defendant to quiet title of the trust to the property, subject to defendant's lien thereon.

The prayer is that the plaintiff take nothing by her complaint and that an order to show cause at a date specified therein, issue, directed to all the parties to the action, why a receiver should not be appointed and ''why a receiver should not operate or lease for operation and mining'' the property involved. It is further prayed that it be determined that the plaintiff has no right or interest in the property, save as a trustee thereof; that the said mining company be adjudged a common law trust and entitled to the immediate possession of the property, and that defendant's attachment lien be declared as ''a valid and subsisting first lien upon said property,'' and that plaintiff be required to sign the certificates for the shares in the company issued to the defendant and that the same be delivered to him, and that defendant have his costs; and that because of the inability of and disagreement among the trustees irreparable damage to the beneficiaries is occurring, and that a receiver should be appointed and a new trustee appointed.

On the filing of the cross-complaint an order to show cause why a receiver should not be appointed as prayed for was issued. The matter came on for hearing on the date set, plaintiff and Weyerstall and the defendants Doepker and Valiant appearing. No appearance was made for Way. Counsel for Mrs. Demos challenged the jurisdiction of the court; his motion was overruled. At the close of the hearing the court appointed a receiver and made an order allowing the filing of the cross-complaint

and answer by Weyerstall. Appeal is taken from the order appointing the receiver.

We are of the opinion that determining whether the appointment of a receiver was properly made is all that we may properly consider on this appeal.

From the record it would seem that plaintiff, Mrs. Demos, was represented by counsel, but that no appearance was made in behalf of defendant William Demos, and that no summons was issued upon the cross-complaint as to defendants who had not appeared.

No final judgment was entered nor were the issues joined. Questions raised by the appeal, except for the appointment of a receiver, in our judgment are for the trial court's consideration, reviewable here only by appeal or other appropriate proceedings. Therefore in our consideration of the present proceeding we confine ourselves to a review of the order appointing a receiver.

The trust agreement referred to in the cross-complaint named five trustees. (the named defendants herein), and provides, among other things:

"Except as otherwise herein provided, the action of a majority of the Trustees, taken from time to time, at a meeting, or by a writing with or without a meeting, shall constitute the action of the Trustees and have the same effect as if assented to by all. When any Trustee shall be absent from the State wherein the business of the Trust is then being conducted, or in the judgment of the other Trustees, shall be unable to act or incapable of acting as such Trustee, the other Trustee or Trustees, for the time being, may exercise all of the power and authority given to the Trustees. Any Trustee so absent or contemplating such an absence may, by power of attorney or otherwise, empower any other Trustee or Trustees to act on his behalf during his absence, and to exercise any power, discretionary or otherwise, and to use his name in the execution or signing of documents as such Trustee, for the purpose of said Trust. * * *

"Any Trustee may give his written or telegraphic proxy to any other Trustee to be used at any meeting or meetings of the

Trustees and such representation by proxy shall have the same force and effect as though such Trustee were personally present and voted.

"Any Trustee may vote by writing or telegram on any question and the Trustees may all or a majority of them may vote on any question by writing or telegram, without any meeting, and any action taken shall be as conclusive and binding as though taken at a meeting attended by a Trustee or Trustees."

It was contended on the hearing that it was impossible to ▮▮ transact the business of the trust, due to the absence of Mr. Way, and that the remaining trustees usually voted two on one side and two against. The section of the agreement above quoted is a sufficient answer to that contention, as is the statute hereinafter referred to.

Weyerstall's testimony shows harmony between him and Way. He knew Way's whereabouts but refused to disclose the same even on the trial because Way was absent. From Weyerstall's attitude on the trial it is perfectly obvious that Way could have been represented at a meeting of the trustees by proxy.

An attachment was issued in an action pending in Silver Bow county. The clerk and recorder identified the notice and writ of attachment.

The only written evidence of any title in Weyerstall was an ▮▮ instrument signed by Way transferring to Weyerstall two choses in action identified as in litigation with two suits pending, one in Silver Bow county and the other in Madison county. The complaints in those actions were not offered in evidence. Some oral testimony was given, over plaintiff's objection, that a settlement had been made of these actions and that Weyerstall thereby was to acquire certain stock interests in the trust. While the evidence in cases tried to the court is frequently received over objection and later disregarded by the court, in so important a phase as the title asserted by Weyerstall error was committed because the court must have relied upon the oral testimony, as there was no other as to Weyerstall's title. In fact the testimony of Weyerstall shows that the alleged settle-

ment was never completed. What the subjects of these suits were was never presented to the court, nor is there any showing of a dismissal of either action.

If it can be said that Way was no longer a trustee, by reason of the alleged transfer to Weyerstall, and that an impasse existed because the trustees stood two and two, then the provisions of section 7925, Rev. Codes 1935, reading as follows, may be invoked:

"The district court may appoint a trustee whenever there is a vacancy, and the declaration of trust does not provide a practicable method of appointment."

The remedies open to Weyerstall under the agreement not having been exhausted by him, he is in no position to ask the aid of this court until he has availed himself of the rights and privileges contained in the trust agreement.

The cause is remanded to the district court with instructions to revoke the order appointing a receiver.

Costs on this appeal are awarded to the plaintiff.

ASSOCIATE JUSTICES ANDERSON, MORRIS, ADAIR and ERICKSON concur.