APPLICATION OF ARNOLD E. NELSON FOR A WRIT OF HABEAS. CORPUS AND WRIT OF REVIEW.

No. 9868.

Application presented October 22, 1957. Denied October 25, 1957.

316 Pac. (2d) 1058.

Mr. H. B. Landoe, Bozeman, Mr. Allen L. McAlear, Bridger, for relator.

Mr. Landoe and Mr. McAlear argued orally.

MR. JUSTICE CASTLES:

Original proceeding. The petitioner has petitioned this court for a writ of habeas corpus and a writ of review. On the 21st day of October, 1957, the petitioner was found guilty of contempt of the district court by the Honorable Victor H. Fall, presiding in the Eighteenth Judicial District of the State of Montana, in and for the County of Gallatin, and punished by confinement in the county jail for five days.

It is thought that the question presented is of sufficient importance and interest to the bar to warrant this opinion.

The facts leading up to confinement of the petitioner were allleged as follows:

On the 1st day of June, 1953, a decree of divorce was granted by the judge of the district court of the Eighteenth Judicial District of the State of Montana, in and for the County of Gallatin to Ruth Nelson Mauer, the then wife of petitioner. Custody of the minor children of the parties, namely, Darleen Nelson and David Nelson, was by virtue of said decree awarded to the mother, Ruth Nelson Mauer.

On the 25th day of August, 1954, in the same court, the original divorce decree was modified to provide that the custody of David Nelson and Darleen Nelson be awarded to the petitioner herein during the school year and to Ruth Nelson Mauer during the vacations.

On the 9th day of October, 1957, in the same court, the Honorable Victor H. Fall, district judge presiding, the Honorable W. W. Lessley, district judge, having disqualified himself, the aforementioned order was further modified to provide that the custody of the minor child, Darleen, aged fifteen years, be awarded to the mother, Ruth Nelson Mauer, during the school year and that the petitioner father pay to the mother $40 per month while the child was in her custody, and the father was by said order directed to surrender the minor child, Darleen Nelson, unto the mother, Ruth Nelson Mauer, on the 13th day of October, 1957.

On the 11tl? day of October, 1957, the father filed and served notice of appeal from the order modifying the decree and filed and served an undertaking as required by law to secure the costs of appeal in the sum of $300, and to secure the obligation for support of the minor child in the sum of $40 per month.

On the 16th day of October, 1957, an order to show cause was served upon the father ordering him to appear in open court on the 21st day of October, 1957, to show cause why he should not be punished for contempt of the order of the court dated

October 9, 1957, awarding custody of Darleen Nelson to the mother during the school months, and for his failure to deliver the minor child to the mother pursuant to the modification.

At the hearing on the order to show cause, the father, by his attorneys, moved to quash the order to show cause upon the grounds and for the reason that an appeal had been perfected from the order modifying the divorce decree of October 9, 1957, and that the appeal had the effect of staying all proceedings on the order of October 9, 1957, until the appeal could be determined by the supreme court.

The motion to quash was denied, and the petitioner was found guilty of contempt and ordered confined in the county jail for a period of five days.

It is clear from the petition that the petitioner had refused to comply with the court's order. No application was made to the court below for a stay of proceedings prior to appeal, nor to this court for a stay at any time.

The only question presented upon this petition for a writ of ██ habeas corpus is whether or not an appeal from an order modifying a divorce decree has the effect of staying all proceedings until the appeal can be determined by the supreme court, or whether an application for a stay of proceedings must be made and granted before such proceedings are stayed.

In State ex rel. Gates v. District Court, 69 Mont. 322, 221 Pac. 543, this court held that an appeal from an order, modifying a divorce decree is an appeal under R.C.M. 1947, section 93-8003, subd. 2, as being an appeal ''from any special order made after final judgment.''

In Demos v. Doepker, 115 Mont. 183, 141 Pac. (2d) 372, it was held that the general provision of section 93-8011, R.C.M. 1947, (that on perfection of an appeal all further proceedings in the district court on the judgment or order appealed from are stayed) does not apply on appeal from an order appointing a receiver, the matter of stays pending appeals from orders relating to receiverships being specifically provided for by subdivision 2 of section 93-8003, R.C.M. 1947, declaring that the

supreme court or a judge thereof may grant a stay therein on such conditions as may seem proper. It is observed that the question presented on this petition for writ of habeas corpus is from an order modifying a divorce decree, which as previously stated, comes under the same subdivision 2 of section 93-8003, R.C.M. 1947.

This court's reasoning in Demos v. Doepker, supra, on an appeal from an order in the same subdivision of the section involved applies herein.

Because of what was said in the Demos v. Doepker case, supra, we hold that an appeal from an order modifying a divorce decree does not stay the enforcement of the order. Such orders can only be stayed by application for an order staying the proceedings under section 93-8003, subd. 2, supra.

The petition on its face showing that the confinement was ■ legal, the petition for a writ of habeas corpus is hereby denied. Since no reason was advanced for the issuance of a writ of review, it likewise is denied.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ANGSTMAN, concur.

MR. JUSTICE ADAIR (dissenting).

The petitioner, Arnold E. Nelson, now confined in the county jail at Bozeman, has petitioned this court for a writ of habeas corpus.

His application for the writ is positively verified and, on its face, is proper in every particular and fully complies with the applicable statute, R.C.M. 1947, section 94-101-2.

Our Constitution, Article III, section 21, in mandatory language, provides: "The privilege of the writ of habeas corpus *shall never* be suspended, unless in case of rebellion, or invasion, the public safety require it." Emphasis supplied.

R.C.M. 1947, section 94-101-33, provides in plain language: "If any judge, after a proper application is made, refuses to grant an order for a writ of habeas corpus  *  *  *  he shall

forfeit and pay to the person aggrieved a sum not exceeding five thousand dollars, to be recovered by action in any court of competent jurisdiction.''

The writ of habeas corpus is a high prerogative writ of ancient origin and use, and by our Constitution and statutes made available to all persons under illegal restraint.

In his petition Arnold E. Nelson swears to the following facts: On June 1, 1953, the district court for Gallatin County, entered its decree of divorce awarding to the plaintiff Ruth Nelson, the then wife of petitioner, the custody of the two minor children of the parties, namely, Darleen and David.

On August 25, 1954, the decree was modified to provide that the custody of both be awarded to their father, Arnold E. Nelson, during the school year and to their mother, Ruth Nelson Mauer, during the vacations.

On October 9, 1957, said district court, the Honorable Victor H. Fall, presiding, further modified the decree to provide that the custody of the minor child, Darleen, then aged fifteen years, be awarded to the mother, Ruth Nelson Mauer, during school year and the father, Arnold E. Nelson, to pay to the mother, Ruth Nelson Mauer, the sum of $40 per month while the child Darleen was in her custody. The father was further directed to surrender the child Darleen to her mother on October 13, 1957.

On October 11, 1957, Arnold E. Nelson, the father served and filed notice of appeal from said order of October 9, 1957, furnished and filed a good and sufficient undertaking as required by law to secure the costs on appeal, and also to secure the money judgment awarded for the support of said minor child.

On October 16, 1957, Judge Fall issued and caused to be served upon the petitioner, Arnold E. Nelson, an order requiring him to appear in court on October 21, 1957, and there show cause why he should not be punished for contempt of the judge's order of October 9, 1957, so awarding custody of Darleen to her

mother during school months and also for petitioner's failure to deliver said child as ordered.

On October 21, 1957, at the time set for the hearing, petitioner's attorneys moved to quash the order to show cause upon the grounds that an appeal had been taken and perfected from the court's order and a good and sufficient undertaking on appeal and to secure the money judgment had been supplied, thereby effectively staying all proceedings under the court's order of October 9, 1957, until such time as petitioner's appeal could be determined by the Supreme Court.

The petitioner's motion to quash was denied. The petitioner was adjudged guilty of contempt and he was sentenced and committed to imprisonment in the Gallatin County jail where he is now incarcerated and confined. The district judge ordered that the child Darleen proceed forthwith to Great Falls to there reside with her mother, Ruth Nelson Mauer, during the school year.

Thus it is manifest from petitioner's above sworn statements that his confinement is illegal and without right, and that after the taking of a proper and timely appeal and the furnishing of the good and sufficient *dual* undertaking that the district court was wholly without jurisdiction to adjudge the petitioner guilty of contempt of court or to order his imprisonment during the pendency of said appeal.

Under the particular facts and circumstances here there is no adequate, plain and speedy remedy at law, except by the writ of habeas corpus. Although there is a right of appeal from the court's order of October 9, 1957, modifying the decree, yet, by virtue of the express provisions of R.C.M. 1947, section 93-9814, "there is no appeal" from the court's subsequent order adjudging the petitioner Nelson guilty of contempt and sentencing him to imprisonment therefor. That Nelson has the right to appeal from the order of modification, which right he has exercised, does not affect his further right under the law to apply for and obtain from this court a writ of habeas corpus to the end that his unlawul restraint be inquired into and determined.

The question presented by this petition for a writ of habeas corpus cannot fairly and in justice be determined except on a hearing after writ is issued and return made.

R.C.M. 1947, section 94-101-1, provides: ''Every person unlawfully imprisoned or restrained of his liberty, under any pretense whatever, may prosecute a writ of habeas corpus, *to inquire into* the cause of such imprisonment or restraint.'' Emphasis supplied.

This proceeding is independent of the other legal proceedings. Habeas corpus is a special proceeding, to determine only the illegality or legality of the restraint. The question raised of the legality of the restraint can only be determined upon the hearing and proceedings had on the return as provided for by R.C.M. 1947, section 94-101-12.

The majority opinion proceeds on the theory that this court may on a purely ex parte hearing determine the merits of the proceeding on the petition for the writ without having first issued the writ and without bringing either the petitioner, sheriff or any other party before the court. Such theory and such procedure is not authorized by either the constitution or the governing statutes.

The merits of the petition are to be determined only as is provided in R.C.M. 1947, section 94-101-12, which reads:

''The party brought before the court or judge, *on the return of the writ,* may deny or controvert any of the material facts of matters set forth in the return, or except to the sufficiency thereof, or allege any fact to show either that his imprisonment or detention is unlawful, or that he is entitled to his discharge. *The court or judge must thereupon proceed in a summary way to hear such proof as may be produced against such imprisonment or detention, or in for of the same, and to dispose of such party as the justice of the case may require, and have full power and authority to require and compel the attendance of witnesses, by process of subpoena and attachment, and to do and perform all other acts and things necessary to a full and*

*fair, hearing and determination of the case."* Emphasis supplied.  °

Since the object of a proceeding in habeas corpus is to ascertain whether the petitioner is legally restrained of his liberty *at the time when the return is made,* it is at that time and only at that time that the court is authorized to hear and decide the merits of the proceeding. The issues to be decided are raised by the return to the writ and not before.

In the instant case the petitioner has fully met all the requirements of the statutes applicable. This is not a proceeding where the petition shows upon its face the legality of the restraint or where other insufficient grounds for the issuance of the writ are clearly manifest in the application itself. The application here is proper. Upon such proper application it became, was and is the duty of this court to issue the writ. If upon the return the legality of the restraint is shown, then and only then can that issue be decided.

However since a majority of this court urge that the issues should be here and now decided and that an opinion should be written on this mere ex parte presentation of the petition we feel constrained to here state our views on the subject covered by the majority opinion.

To us it seems clear that the sole question which could properly have been presented upon the return to the writ had it been issued herein is whether or not furnishing of the undertaking as required and the perfecting of the appeal from the whole of the district court's order of October 9, 1957, had the effect of staying all further proceedings in the district court in the custody matter until the appeal could be determined by the supreme court.

To answer this question we must ascertain what Judge Fall's order provides. It in effect, provides that the custody of the daughter, Darleen, be awarded to the child's mother, during the school year and that the father, the petitioner herein, pay to the mother the sum of $40 per month while the daughter is in the mother's custody. This is a *dual,*—a two-edged judgment.

True an appeal modifying a simple decree of divorce is, under R.C.M. 1947, section 93-8003, subd. 2, an appeal from a "special order made after final judgment." It is also true that, R.C.M. 1947, section 93-8011, the general statute on stays of proceedings does not govern when there is a special statute covering the particular subject as was held by this court in Demos v. Doepker, 115 Mont. 183, 141 Pac. (2d) 372. However the Demos case, supra, is readily distinguishable and the rule therein announced and applied is not the one applicable to the proceeding now before this court wherein we are confronted with an appeal from a special order after final judgment *containing a money judgment.* The Demos case, supra, involved the appointment of a receiver and not a money judgment, as is here presented.

Here we are confronted with a *dual* judgment. The appeal from each part is governed by a separate special statute. As to each part of the judgment, a different mode or method is provided for obtaining a stay. One method is that provided in R.C.M. 1947, section 93-8003, subd. 2. The other method is that provided in R.C.M. 1947, section 93-8007, governing stays of proceedings when the appeal is from a money judgment.

In this proceeding involving an appeal from a *dual* judgment, we have a situation not covered by the case of Demos v. Doepker, supra. Here we find two special statutes controlling, —not simply one general statute and one special statute. In this situation this court has held that if and when as here there is a *dual* judgment which in effect presents two judgments, each of them is controlled by a different special statute regulating stay of proceedings, if and when, the appellant fully meets and satisfies the requirements of one of such special statutes then the appellant need not proceed further, and in addition, meet and satisfy the conditions prescribed in the other special statute. See State ex rel. Whorley v. District Court, 88 Mont. 290, 292 Pac. 904.

Here the petitioner Arnold E. Nelson shows that in taking and perfecting his appeal to this court from Judge Fall's order he has fully complied with all the requirements prescribed by

R.C.M. 1947, section 93-8007, being the special statute applicable to obtaining a stay of proceedings when the appeal is from a money judgment. Under this court's decision in State ex rel. Whorley v. District Court, supra, it became and was unnecessary for the petitioner appellant to go further and to also meet the stay of proceedings requirements prescribed in R.C.M. 1947, section 93-8003, subd. 2, supra.

At the time of presenting Arnold E. Nelson's petition for a writ of habeas corpus his counsel also presented to this court in Nelson's behalf a timely and proper petition for a writ of review, there being no appeal provided from a judgment for contempt. The writ of review should issue. It is authorized by R.C.M. 1947, section 93-9814 which provides:

"The judgment and orders of the court or judge, made in cases of contempt, are final and conclusive, and there is no appeal; but the action of a district court or judge can be reviewed on a writ of certiorari by the supreme court, or a judge thereof, and the action of a justice of the peace, or other inferior court, by the district court or judge of the county in which such justice or judge of such inferior court resides."

Under the petitions here presented we find the petitioner Arnold E. Nelson entitled to the two writs for which he has here petitioned. We would issue the writs and then proceed to hear and determine such proceeding on its merits.

I am authorized to say for Mr. Justice Bottomly who heard and has fully considered each of the petitions and proceedings here involved that he fully concurs in this dissenting opinion.