CAROL MURPHY, Plaintiff and Respondent,
*v.*
GLENN MURPHY, Defendant and Appellant.
No. 9742.
Submitted Jan. 21, 1959. Decided Feb. 10, 1959.
335 Pac. (2d) 296.

Robert T. Merrill, Great Falls, for appellant.
Robert T. Merrill, Great Falls, argued orally for appellant.

Richard V. Bottomly, County Atty., Great Falls, for respondent.

Richard V. Bottomly, County Atty., Great Falls, argued orally for respondent.

THE HONORABLE VICTOR H. FALL, District Judge, sitting in place of MR. CHIEF JUSTICE HARRISON:

This is an appeal from a judgment and decree of divorce.

The action was filed July 7, 1955. The defendant appeared by answer and cross complaint. The case was heard by the court below sitting without a jury on February 15, 1956. On March 12th judgment and decree was duly made and entered granting a divorce to the wife, plaintiff, upon the ground of willful neglect, awarding to her custody of the children, providing for payment of support money for the children and setting forth in considerable detail the visiting rights of the defendant father. The plaintiff wife is the respondent herein, the defendant husband the appellant.

The record discloses that plaintiff and defendant were married September 24, 1949, and have two children aged five years and two years at the time of the trial. There were the usual frictions and frustrations of married life which, in this case, eventually resulted in bitter quarrels, angry reproaches and heavy blows. The parties finally separated and from March 20, 1954, the defendant furnished no further support for his wife or children except a matter of $10 in December 1955, and $20 in January 1956. The husband was employed and worked at his trade as a carpenter during this time. The evidence is in sharp conflict as to why he did not support his family. The trial court had before it the entire story together with the proceedings of some other action between these same parties, the record of which is not before us.

It appears that another action between the parties had been filed on June 14, 1954. It is not clear from the record just what disposition was made of that case, but from a remark of the court appearing in the record, it is disclosed that a divorce was

denied for failure of proof of cruelty existing for a period of one year.

Appellant's first ten assignments of error are all directed toward the granting of the decree of divorce in the instant case upon willful neglect. The appellant groups the ten alleged errors under one argument. That argument seems to be whether under R.C.M. 1947, secs. 21-117 and 21-115, a sufficient showing was made by the respondent of willful neglect. Appellant directs his argument to a difference between neglect of the wife from neglect of the children, contending that sections 21-117 and 21-115 have only to do with neglect of the wife. Then, appellant argues that since the wife had at some previous time disavowed any need for support his failure to do so was not willful. At this point, the appellant urges that during the course of the previous action referred to, the wife disclaimed the need for support and in fact proved that her father agreed to care for her. This argument is not at all convincing to this court. In the first place, most of it is dehors the record. In the second place, regardless of any prior statements of claims of self-sufficiency of the wife, this could not operate as a perpetual release of the husband of the duty and responsibility under the law to care for his wife and family. R.C.M. 1947, secs. 36-103 and 36-106. There is a sufficient showing of necessity for support.

It further appears from testimony of each party that the decree in the prior case did not provide for support payments. It appears that that decree was silent as to either support of the wife or of the chilren. It denied a divorce but provided for custody of the children.

However, although the evidence is somewhat conflicting, there is sufficient evidence to support the trial court's finding of a willful failure to provide under sections 21-117 and 21-115. It is true, as appellant contends, that the testimony does not distinguish between support of the wife and support of the children in a direct manner. However, the wife testified that she repeatedly asked for support money.

Although the testimony shows that the appellant husband

██ worked steadily and was able to pay, his excuse for not providing support to his wife and children was, as he put it, "I relied on the decree." We do not have the decree referred to before us, so must glean from the testimony the contents of the decree. That testimony indicates that the decree was silent as to support. In our view, this does not relieve a husband of his legal and moral duty to support his family if he is able, and particularly where repeated attempts are made to get support.

Also the testimony reveals that the appellant husband was charged and convicted of nonsupport by a jury in late 1955 or early 1956, the matter being on appeal at the time of this trial.

The appellant also argues that he was willing to provide a ██ home for his wife and family and that under R.C.M. 1947, sec. 36-102, which provides for rights of husband as head of family, section 83-303 which establishes a presumption as to family residence as being that of the husband, and section 36-120 which provides a husband is not liable when abandoned by his wife, that this was another reason for his failure to support.

It is urged that because, in the prior case, divorce was denied on the ground of cruelty, that none existed sufficient to be cause for the respondent to refuse to return to her husband's home. Again, we do not have the record of the prior case before us, but from the testimony concerning the prior case and from the trial court's remarks about it, the judge in the instant case being the same as in the prior case, it is clear that the only thing ruled on in the first case was that cruelty for *one year* did not exist sufficient for proof of a grounds for divorce. It is equally clear that the trial judge heard sufficient evidence to find that there was cause justifying the refusal of appellant's wife to return. The judge remarked, "* * * one thing is apparent to me, these people will never get along together." As previously related the bitter quarrels, angry reproaches and heavy blows testified to were sufficient to support the trial court's findings.

Specification of error No. 11 is to the effect that the court ██ erred in refusing to grant appellant a decree on the ground of willful desertion. We have covered this argument

somewhat. We find the record supports the trial court. The evidence was conflicting and under such circumstances the rulings of the trial court will not be disturbed.

Specification of error No. 12 reads as follows:

"That the rulings and orders and abuse of discretion by the court prevented appellant from having a fair trial of said cause, duly excepted to by the appellant, and errors in law occurring at the trial and duly excepted to by the appellant."

No argument in support of this assignment of error appears ▬ in appellant's brief and none was made during oral argument. Therefore, under Rule X, subd. 3, par. d, Rules of the Supreme Court, it is deemed abandoned.

The judgment is affirmed.

MR. JUSTICES ADAIR, ANGSTMAN and CASTLES, and THE HONORABLE E. E. FENTON, District Judge, sitting in place of MR. JUSTICE BOTTOMLY, concur.