KATHERINE JILL WOOLVERTON, Plaintiff-Respondent, v.
WILLIAM C. WOOLVERTON, Jr., Defendant-Appellant.

No. 13157.
Decided April 19, 1976.
549 P.2d 458.

ORDER

PER CURIAM:

In this cause a decree of divorce was entered on July 18, 1975 and an appeal taken by the defendant on August 18, 1975. The decree made provision for the support of two minor children of the parties in the sum of $100 per child per month.

An extension of time for preparation of the transcript was granted, as well as permission to file typewritten brief. On December 24, 1975, an order was entered granting an additional 90 days from January 15, 1976, within which to file appellant's brief.

On January 12, 1976, a motion to compel compliance with the district court decree was served upon counsel for the appellant which set forth that appellant had only paid the sum of $425 for support of the children and was in arrears in the sum of $575 at that time, which would now be increased by an additional delinquency of $400 or a total arrearage of $975. The affidavit of respondent mother avers that she is not able to

support the children and that she is informed that appellant is well able to provide such support.

On April 2, 1976, this Court issued an order to show cause ordering appellant to show cause in writing on or before 10 days from that date why said motion to compel compliance with the decree should not be granted.

Appellant filed an answer asserting that the filing of a supersedeas bond on appeal suspends the judgment of the district court, and, furher, "That the minor children are being adequately cared for by Appellant, who cares ˉfor them at diverse times during each week, clothes them and renders both temporal and moral aid to them." The answer makes no showing why appellant should not comply with the support provisions of the decree nor disputes in any manner the amount of the arrearages.

As to the supersedeas bond, in *Demos v. Deopker*, 115 Mont. 183, 141 P.2d 372, this Court held that the general provision of section 93-8011, R.C.M.1947, that on perfection of an appeal all further proceedings in the district court on the judgments or orders appealed from are stayed, did not apply on appeal from an order appointing a receiver because stays relating to receiverships are specifically provided for in section 93-8003, R.C.M.1947.

In *Nelson Habeas Corpus*, 132 Mont. 252, 255, 316 P.2d 1058, 1059, we stated:

"Because of what was said in the *Demos v. Doepker case*, supra, we hold that an appeal from an order modifying a divorce decree does not stay the enforcement of the order. Such orders can only be stayed by application for an order staying the proceedings under section 93-8003, subd. 2, supra."

Section 93-8011 was superceded by Rule 7, M.R.App.Civ.P., which no longer contains the provision referred to in Demos, but it does state:

"Upon entry of a judgment or order a party may apply to the

district court on notice or ex parte for a stay of the execution of the judgment or order. * * *"

Rule 7 further provides that this Court may suspend or modify any order with respect to supersedeas bonds.

Section 93-8003 has also been superseded by Rule 1, M.R.App.Civ.P., but the language applicable to this proceeding has been retained.

This Court held in *Lay v. District Court*, 122 Mont. 61, 71, 198 P.2d 761, 767:

"* * * It is the legal as well as the moral duty of a parent to support his minor children and the father is not absolved from this duty by a divorce from their mother. Secs. 5790, 5833, 10472, Rev.Codes 1935; (Now sections 36-109, 61-104, 10-511, R.C.M.1947) *Brice v. Brice*, 50 Mont. 388, 147 P. 164; *Refer v. Refer*, 102 Mont. 121, 56 P.2d 750; *State ex rel. Tong v. Second Judicial District Court*, 109 Mont. 418, 96 P.2d 918."

Based upon these authorities we held in *Kipp v. Kipp*, Cause No. 12976 (Not reported) July, 1975, that we will not sanction nonpayment of support money decreed in the district court on appeal where need for such funds are shown, but will require that such support payments be kept current until final determination of the appeal.

In these circumstances IT IS ORDERED:

1. That appellant pay to respondent forthwith the sum of $975.00 covering the monthly payments up to the month of April, 1976, and that appellant continue to pay the sum of $200 per month for each and every month thereafter during the pendency of the appeal.

2. This appeal will be dismissed, unless within 10 days from date of service of this order upon counsel for the appellant, the payment is made.

3. Copy of this order shall be forthwith served upon counsel for the appellant and upon the appellant by the clerk of this Court by certified U.S. Mail, and also copy thereof shall be

forwarded by regular mail to the Hon. Arnold H. Olsen, district judge presiding in the district court, for his information, and a copy to counsel for the respondent.