No. 85-526

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

---

STATE OF MONTANA, DEPARTMENT OF
REVENUE,

        Plaintiff and Respondent,

  -vs-

TONY NEAL HUBBARD,

        Defendant and Appellant.

---

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Datsopoulos, MacDonald & Lind; David B. Cotner,
Missoula, Montana

    For Respondent:

        John M. McRae, Dept. of Revenue-Child Support Division,
Missoula, Montana
John C. Koch, Dept. of Revenue-Child Support, Great
Falls, Montana

---

                Submitted on Briefs: April 4, 1986

                   Decided: June 19, 1986

Filed: JUN 19 1986

*Ethel M. Harrison*
---
Clerk

Mr. Chief Justice J. A. Turnage delivered the Opinion of the Court.

The Department of Revenue (Department) is seeking to recoup funds paid by the State to support appellant's two children. The action was originally brought by the Department pursuant §§ 40-5-221 and 53-4-248, MCA, in the Fourth Judicial District, Missoula County. The case is before us on appeal from the District Court's order granting the Department's motion for summary judgment.

We affirm.

Appellant's arguments raise the following issues:

1. Whether the prior dissolution and custody decrees relieved appellant of his child support obligation.

2. Whether the State is barred from recoupment by laches or waiver.

3. Whether the State is precluded from recoupment because it extended benefits without obtaining the ex-wife's cooperation.

4. Whether the State is barred from seeking an ongoing child support order by the limitations period in § 40-4-208(2)(a), MCA.

Appellant also raises an issue of collateral estoppel. Our holding on the first issues makes consideration of this issue unnecessary.

Appellant and his ex-wife were married and parented two children. Their marriage, however, was dissolved by the Missoula County District Court in April 1976. The dissolution decree contains the following reservation of issues:

> That the court shall decide the determination of permanent custody of the children, support and visitation of the minor children, support and maintenance of petitioner, equitable determination of property rights, and financing

> arrangements including attorney's fees
> and costs, at a later date.

The issue of custody was decided after hearing in an order issued in October 1977. A separate visitation order was issued in December 1977. None of the other issues reserved in the dissolution decree are referred to in the orders.

The ex-wife applied for and received AFDC assistance for the two children in 1975 and 1976 and 1980 through 1985. She received $1,628 in 1975 and 1976, $6,650 between August 1980 and June 1984, and $1,317 between July 1984 and April 1985. In the meantime appellant's earnings as reported on his tax returns have been as follows: 1976--$11,046; 1977--$14,256; 1978--$20,769; 1979--unknown; 1980--$25,535; 1981--$27,008; 1982--$27,145; and 1983--$30,604.

In July 1984, the Department brought this action pursuant to §§ 53-4-248 and 40-5-221, MCA, to recover the assistance paid since 1980. The Department did not seek repayment of the aid paid in 1975 and 1976 because that aid was prior to the dissolution decree. The Department also requested the District Court to determine and order an ongoing support obligation for appellant. Both parties moved for summary judgment. The important facts were stipulated to. The District Court granted the Department's motion holding that appellant was obligated to reimburse the State and that ongoing support payments by appellant could now be ordered. The District Court granted the motion for summary judgment and entered judgment against appellant for the amount of $7,967. In its opinion, the District Court held that the Department could seek an ongoing support order but did not set the amount. This appeal ensued.

3

I

Appellant's primary argument centers on the fact that the District Court's prior dissolution and custody decree do not set support payments. He points to §§ 53-4-248 and 40-5-221, MCA, which limit the amount of assistance the State can recover to child support payments provided for in a prior court decree or order. He then argues that since the prior decrees did not set child support, his support obligation by the decrees was zero and the State cannot recover anything from him. We disagree.

The dissolution decree does not set specific support payments, but does refer to child support in a provision that reserves the issue for a later date. However, the subsequent orders make no mention of child support. Appellant argues that this absence of a child support provision means the court relieved him of his support obligation. We considered a similar argument in Murphy v. Murphy (1958), 134 Mont. 594, 335 P.2d 296. In Murphy, 335 P.2d at 297, we held that a custody decree that was silent on child support did not relieve a father of his legal and moral obligation to support his children. Appellant has attempted to distinguish Murphy from the instant case. The distinction is, appellant argues, that in Murphy evidence on the support issue was not presented to the court, whereas here the support issue was presented to the court. We have reviewed Murphy and cannot find this distinction. The opinion in Murphy shows that the support issue was brought to the court's attention prior to its issuance of the disputed decree. Murphy, 335 P.2d at 297. As such, Murphy is directly applicable. We hold that the appellant's legal and moral child support obligation was neither relieved nor determined by the prior dissolution and

child custody decrees. Therefore, appellant is obligated under §§ 53-4-248 and 40-5-221, MCA, to repay the State for assistance it has paid in support of the children.

## II

Appellant then argues that the State is precluded from the recoupment by the equitable doctrines of laches and waiver. These arguments also fail.

In Fitzgerald v. Fitzgerald (Mont. 1980), 618 P.2d 867, 869, 37 St.Rep. 1350, 1353, we held that a husband "is not relieved of his past child support obligation by the doctrine of laches . . ." Appellant argues that Fitzgerald is not applicable because that case involved court ordered child support, whereas the case at bar involves an obligation that was not court ordered. The distinction is illusory.

Whether or not a child support obligation is court ordered is irrelevant to the existence of the obligation. Child support is a social and moral obligation imposed by law without court action. See State ex rel. Lay v. District Court (1948), 122 Mont. 61, 198 P.2d 761, 767, cited with approval in Woolverton v. Woolverton (1976), 169 Mont. 490, 549 P.2d 458; see also In Re the Marriage of Hickey (Mont. 1984), 689 P.2d 1222, 41 St.Rep. 1931. Whether or not court ordered, appellant here has an obligation of child support. By the rule in Fitzgerald, that obligation has not been relieved by laches.

In addition to laches appellant makes the related argument of waiver. Waiver requires a showing of intent to relinquish a right. See Mundt v. Mallon (1937), 106 Mont. 242, 248, 76 P.2d 326, 328; see also Farmers Elevator Co. of Reserve v. Anderson (1976), 170 Mont. 175, 180, 552 P.2d 63,

65. Appellant argues that an intent to relinquish was exhibited by failure to pursue support from appellant after repeated requests from the county. We can see no intent to relinquish rights in this inaction. The Department filed the action within the applicable statute of limitations. See § 27-2-211(4), MCA. We hold that the State has not waived its right to recoup assistance.

## III

The next argument raised by appellant against the State recoupment concerns a statutory and regulatory requirement that an applicant for AFDC assistance cooperate with the State in obtaining child support. See § 40-5-204, MCA, and ARM § 46-10.314. Appellant claims that the State did not obtain the ex-wife's cooperation and therefore is not entitled to recoupment. The argument is without merit. First of all, the record is clear that the ex-wife is cooperating with the State. Secondly, the ex-wife's cooperation is irrelevant to appellant's obligation to his children, which remains whether or not the ex-wife cooperates.

## IV

The final issue we will discuss concerns the District Court's conclusion that the provision in the dissolution decree that reserved the issue of child support is modifiable upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable. This conclusion is based on § 40-4-208, MCA, which allows for modification of support provisions. Appellant claims the dissolution decree is no longer subject to modification because of the limitations period in § 40-4-208(2)(a), MCA, which provides:

> (2)(a) Whenever the decree proposed for modification does not contain provisions relating to maintenance or support, modification under subsection (1) may only be made within 2 years of the date of the decree.

The Department also challenges the District Court's modification conclusion. The Department believes § 40-4-208, MCA, is not applicable to this action because it is seeking to establish, rather than modify, an ongoing support order. We agree with the Department.

The child support issue cannot now be modified because it was never determined. Child support was, however, re-served. As such, the Department is only attempting to get the District Court to determine an issue reserved in the dissolution decree. Therefore, § 40-4-208, MCA, including the limitations period in § 40-4-208(2)(a), MCA, is not applicable. The error of the District Court in suggesting the application of the modification statute, however, is harmless because the opinion leaves the Department with the option of seeking the establishment of an ongoing child support order.

The distinction between modification and establishment is important because of the burden of proof the Department would have to bear if its action was to modify an order. Modifications of support orders require a showing of changed circumstances that render the original terms unconscionable. Section 40-4-208(2)(b)(i), MCA. To establish support, on the other hand, only requires a showing of the amount necessary to support the child. Section 40-4-204, MCA. Thus, the burden of proof for modification is more difficult than for establishment. Since the Department is seeking to establish

7

rather than modify support, it need not show the unconscionability of the original terms.

The order of the District Court granting summary judgment in favor of the Department is affirmed. We direct that future action by the Department to obtain an ongoing support order be considered an action to establish rather than modify a support decree.

_____
Chief Justice

We concur:

_____

_____

_____

_____
Justices

8