No. 91-515

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

---

IN RE THE MARRIAGE OF ANITA WILSEY,

        Petitioner and Respondent,

-vs-

CHRISTOPHER JOSEPH WILSEY,

        Respondent and Appellant.

---

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable Joel G. Roth, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Don A. LaBar; Church, Harris, Johnson & Williams,
Great Falls, Montana.

    For Respondent:

        James R. Walsh; Smith, Walsh, Clarke & Gregoire,
Great Falls, Montana.

---

**FILED**

Filed:   MAY 5 - 1992

*Ed Smith*
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs:  April 3, 1992

Decided:  May 5, 1992

Clerk

Justice Fred J. Weber delivered the Opinion of the Court.

The District Court for the Eighth Judicial District, Cascade County, granted Anita Wilsey's (Mrs. Wilsey) motion for judgment on the pleadings, or in the alternative, summary judgment. Christopher Joseph Wilsey (Mr. Wilsey) appeals. We reverse and remand.

We restate the issue as follows:

Did the District Court err in holding that Mr. Wilsey owed 37 months of child support at $1500 per month, less $3300 paid, and in holding that he owed $1500 per month until the children graduated from high school, without regard to the sale of his limited partnership interest?

Mr. and Mrs. Wilsey were married in San Francisco, California on July 2, 1978. There were three children born of the marriage.

On June 3, 1988, the parties entered into a separation agreement. The agreement was signed by the parties and was signed and approved by their respective attorneys.

Paragraph three (3) of the agreement provided:

That the interest of Chris in the limited partnership, Pyrite Investors, shall be liquidated and the proceeds placed in trust for the payment of child support in the total amount of $1,500.00 per month to Anita. When the youngest child reaches majority or is otherwise emancipated, any funds remaining in the trust will be distributed to the children. An independent trustee, possibly Steve Wilsey, will manage the trust;

Mrs. Wilsey filed a petition for dissolution on August 25, 1988. She subsequently filed an amended petition for dissolution in which she alleged the existence of the June 3, 1988, separation

2

agreement and requested enforcement of the agreement.

In his answer, Mr. Wilsey admitted that the separation agreement existed but denied that it was final. Rather, he alleged that the agreement was entered into due to extreme economic pressure, and contended that the agreement was invalid and unenforceable.

On June 25, 1991, over 3 years after the execution of the separation agreement, Mrs. Wilsey filed a motion for judgment on the pleadings, or in the alternative, summary judgment, and a motion for determination of child support arrearages. Mr. Wilsey filed his brief in response to the motions on July 1, 1991. The District Court also received an affidavit from Mrs. Wilsey's attorney, Richard Dzivi, as well as an affidavit from Mr. Wilsey. A hearing was held on July 31, 1991.

The District Court determined that the parties had equitably divided all property and debts not disposed of in the settlement agreement. It then granted Mrs. Wilsey's motion for judgment on the pleadings, or in the alternative, summary judgment, finding that the settlement agreement was final and not unconscionable. In that regard the court found:

> 37. The June 3, 1988 Property Settlement Agreement is enforceable and not unconscionable, and should be approved. [Mr. Wilsey's] child support obligation has been accruing for 37 months at the rate of $1,500.00 per month for a total arrearage of $55,500.00. [Mr. Wilsey] has paid $3,300.00 in child support. Accordingly, [Mr. Wilsey] is indebted to [Mrs. Wilsey] for the sum of $52,200.00 for past-due child support.

The court then concluded:

> 3. [Mr. Wilsey] owes a child support arrearage of

3

$52,200.00 to [Mrs. Wilsey]. She is entitled to immediate execution therefor.

4. [Mr. Wilsey] shall pay to [Mrs. Wilsey] the sum of ONE THOUSAND FIVE HUNDRED AND NO/100 DOLLARS ($1,500.00) per month as and for the care, support and maintenance of said minor children until they graduate from high school, except while they are wholly self supporting or otherwise emancipated.

5. Said payments shall commence immediately . . .

Mr. Wilsey appeals from that portion of the District Court's order concerning child support.

Did the District Court err in holding that Mr. Wilsey owed 37 months of child support at $1500 per month, less $3300 paid, and in holding that he owed $1500 per month until the children graduated from high school, without regard to the sale of his limited partnership interest?

Mr. Wilsey maintains that under paragraph three of the separation agreement, he was to pay child support at $1500 per month only _after_ he liquidated his interest in Pyrite Investors and placed the proceeds in trust for the payment of such child support. Thus, he contends that since his interest in Pyrite Investors has yet to be liquidated, no obligation to pay child support under the agreement has yet accrued.

Again, paragraph three (3) of the agreement provided:

That the interest of Chris in the limited partnership, Pyrite Investors, shall be liquidated and the proceeds placed in trust for the payment of child support in the total amount of $1,500.00 per month to Anita. When the youngest child reaches majority or is otherwise emancipated, any funds remaining in the trust will be distributed to the children. An independent trustee, possibly Steve Wilsey, will manage the trust;

Both parties agree that Mr. Wilsey's limited partnership interest

4

in Pyrite Investors has not yet been liquidated. As a result, there are no proceeds from the liquidation of that partnership interest which can be placed in trust for the payment of child support of $1500 per month as provided in the agreement. In itself the separation agreement fails to provide what should happen regarding the payment of child support in the event that the limited partnership interest is not liquidated. We conclude that because of the failure to liquidate the Pyrite Investors limited partnership interest, there is no basis under the separation agreement for the District Court child support arrearage order of $52,200, or the award of $1500 per month. The materials considered by the District Court on summary judgment indicate there are issues of fact as to the value of the partnership and as to the reasons for failure to liquidate. In addition, there appear to be issues of fact as to the capacity of Mr. Wilsey to pay the obligation of child support as ordered by the District Court. There are also issues of fact with regard to the amount of child support which may be due without regard to the separation agreement provision. In view of these issues of fact, summary judgment was not appropriate. We hold that the District Court erred in its holding that Mr. Wilsey owed 37 months of child support at $1500 per month, less $3300 paid, and holding that he owed $1500 per month, all under the separation agreement.

In reaching the above conclusion, we are not suggesting that Mr. Wilsey does not have child support obligations to his children. As pointed out in State Dept. of Revenue v. Hubbard (1986), 222

5

Mont. 156, 160, 720 P.2d 1177, 1179, child support is a social and moral obligation imposed by law without court action, and whether or not a court has ordered payment of child support, a parent has an obligation to pay it. The materials considered by the District Court indicate that Mr. Wilsey has failed to adequately meet his child support obligations. This issue will properly be considered on remand.

We reverse the District Court's holding that under the separation agreement, Mr. Wilsey owed a child support arrearage to Mrs. Wilsey in the amount of $52,200, and that he was obligated under that agreement to pay $1500 per month in child support until the children graduate from high school. We remand to the District Court for a determination of the proper amount of child support to be paid by Mr. Wilsey and for determination of such issues as the court finds exist with regard to the liquidation of the Pyrite Investors partnership interest, and for such other matters as the court deems appropriate, including the issue of amendment of pleadings. Without ruling upon the same, we note that the Rules of Civil Procedure have been broadly construed to permit amendments of pleadings such as those originally sought by Mr. Wilsey.

_____
Justice

We Concur:

_____
Chief Justice

_____

6

Karla M. Gray

Tom Trieweiler

B. B. McDonough

William E. Hunt Sr.

Justices

May 5, 1992

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

Don A. LaBar
Church, Harris, Johnson & Williams
P.O. Box 1645
Great Falls, MT 59403

James R. Walsh, Esq.
Smith, Walsh, Clarke & Gregoire
P.O. Box 2227
Great Falls, MT 59403-2227

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY:_____
Deputy