No. 80-46

IN THE SUPREME COURT OF THE STATE OF MONTANA

1980

---

CYNTHIA A. FITZGERALD,

                Plaintiff and Appellant,

-vs-

TIMOTHY P. FITZGERALD, III,

                Defendant and Respondent.

---

Appeal From:  District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

      For Appellant:

          Leaphart Law Firm, Helena, Montana

      For Respondent:

          Page Wellcome, Bozeman, Montana

---

Submitted on Briefs:  June 25, 1980

Decided:  AUG 6 - 1980

Filed: AUG 6 - 1980

Thomas J. Kearney, Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal by plaintiff from an order of the District Court denying her petition to find respondent guilty of contempt and for payment of $4,400 in support payments that are in arrears.

This matter began in the District Court of Lewis and Clark County, First Judicial District, when the Honorable Victor H. Fall entered a decree of divorce awarding custody of the minor child to the mother on April 30, 1971. The court made the following provision as to child support:

> "3. That the defendant shall not have the right to visit the child, unless and until, he pays to the plaintiff through the clerk of this court, the sum of fifty dollars ($50) per month as and for support of the minor child of the parties. If and when defendant begins to make said support payment to plaintiff, the court may, in its discretion, modify this decree to permit defendant the right to visit the child at all reasonable times and places."

In addition, the court found in Finding of Fact No. 7:

> "Defendant earns sufficient income to pay fifty dollars ($50) per month for the support of the minor child of the parties hereto."

Conclusion of Law No. 3 stated:

> "The defendant shall have no right to visit said child, unless and until, he pays to the plaintiff the sum of fifty dollars ($50) per month through the clerk of this court for the support and maintenance of the minor child of the parties hereto."

Respondent did not make any support payments between April 1971 and September 1979. The records of the clerk of the court indicate that he is in arrears in the amount of $4,400.

Respondent did not see the minor child between April 1971 and the summer of 1979, except for a short period when the child was at respondent's parents' home in 1978. After

-2-

that meeting with his son, a visitation was established in 1979 at the request of appellant, respondent's ex-wife.

When visitation was established in 1979, respondent commenced paying child support. He contends that he will continue to pay child support and wants to see his minor son on a permanent basis. Following the visitation in 1979 appellant filed an affidavit in support of arrearage which is the basis of the current action. Appellant had not previously made any attempt to modify the original judgment or maintain any action to collect the arrearage under the Uniform Reciprocal Enforcement of Support Act for some eight years.

Respondent contends that the original judgment did not require the payment of child support without his being able to see and visit his minor child. Since such visitation was not established during the eight-year period, nor requested by appellant, he argues that it would be unconscionable and contrary to the judgment to require him to pay the arrearage set forth in the affidavit. The District Court substantially agreed with respondent in denying appellant relief.

Two issues are presented for review:

1. Does the divorce decree require that respondent pay child support?

2. Does the doctrine of laches apply as a defense to the suit to enforce a child support obligation in this case?

In denying his obligation to pay the arrearage, respondent contends he had no obligation to support the child under the decree unless and until he exercised his right of visitation. This argument must be considered with the finding of Judge Fall that respondent was capable at the time of the divorce of paying $50 per month in support. The

provision on visitation has no bearing whatsoever upon respondent's legal and moral obligations to support his child. The decree did not and could not condition the support obligation on the exercise of the right of visitation. See Paterson v. Paterson (1976), 73 Wis.2d 150, 242 N.W.2d 907; Refer v. Refer (1936), 102 Mont. 121, 56 P.2d 750; State ex rel. Lay v. District Court (1948), 122 Mont. 61, 198 P.2d 761.

In earlier cases this Court has spoken out on the moral obligation of parents, and particularly fathers, to support their children. Refer v. Refer, supra; State ex rel. Lay v. District Court, supra. In Lay, this Court, citing earlier opinions, noted:

> ". . . It is the legal as well as the moral duty of a parent to support his minor children and the father is not absolved from the duty by a divorce from their mother. [Citations omitted.] Thus defendant's obligation to pay the required money for the support of his infant daughter is not simply an outgrowth of the divorce suit nor is it a mere incident thereto, but it is a social and a parental obligation imposed by law. . ." 122 Mont. at 71-72, 198 P.2d at 767.

This view was recently cited and supported in Woolverton v. Woolverton (1976), 169 Mont. 490, 549 P.2d 458.

Respondent fails to take into account the well-settled principle that the law imposes upon civilized men--the duty to provide food and shelter arrangements for his own. It is one of the conditions upon which Adam was bounced out of the garden, and it has been the law ever since. Courts have an inherent jurisdiction to protect infants. They are wards of the government, and the courts are to protect their bread and butter. When doing so, they do not take their clue from Elijah and the ravens, but draw it from the earnings of the father. We find the court incorrectly applied the rule in this case, and its judgment must be reversed.

-4-

Concerning the second issue, the doctrine of laches, it appears that the order of the District Court of January 24, 1980, finds, in effect, that appellant is foreclosed from recovering the back child support by the doctrine of laches or estoppel.

Several matters are of import here. First of all, the District Court's order assumes matters not in evidence, i.e., that appellant made no request for back support until respondent sought visitation and commenced paying support. The record is to the contrary. Respondent commenced his support payments in September 1979, only after receiving a demand letter from appellant's counsel. Second, regardless of when or why respondent commenced making his child support payments, he is not relieved of his past child support obligation by the doctrine of laches or estoppel.

While this Court has not considered this question previously, several of our sister states have. We adopt their well-reasoned opinions for our holding on this issue. The Supreme Court of Kansas, in Strecker v. Wilkinson (1976), 220 Kan. 292, 552 P.2d 979, noted that support of children, like their custody, is a matter of social concern. It is an obligation that the father owes the state as well as to his children. The court noted:

> ". . . The parental duty to provide for the support and maintenance of a child continues through the child's minority, and the obligation to support may be enforced by an action at any time during the child's minority." 552 P.2d at 984.

The court then went on to hold that the defendant could not "invoke the defense of laches as a bar to enforce his moral and legal obligation to support his child."

In a case on almost all fours to this case, the Wisconsin court in Paterson v. Paterson, supra, addressed itself to the issue of laches as a defense to a claim for back support. In Paterson, the defendant had failed to make his $50 a month payment for a period of nine years and the mother did not take any legal action for a period of thirteen years, at which time she obtained an order to show cause why the defendant should not be held in contempt for failure to pay arrearage. The defendant pleaded laches and further that he had been misled to his detriment by the mother's inaction. The Wisconsin court held that the doctrine of laches does not apply to the enforcement of child support orders:

> "However, we would further hold that the defense of laches is not available in an action or proceeding brought to secure enforcement of a child support order in a divorce action." Paterson, 242 N.W.2d at 910.

The Wisconsin court noted that even though one might reasonably expect the custodian to promptly seek the enforcement of a support order, failure of the custodian to do so does not inure to the benefit of the person choosing not to make the payments and stated:

> ". . . It may be reasonable to expect that when child support payments are not made, the custodian, entitled to receive such payments, will seek compliance with the child support order . . . However, if the court or custodian do not promptly proceed so to do, the person choosing not to make the child support payments is not to profit or benefit thereby. . ." 242 N.W.2d at 910.

The Paterson court further noted that the rights and the welfare of the children are at stake and cannot be sacrificed by their custodian's inaction. The court said:

> "The reason is that, just as a divorce in this state does not involve only the divorcing spouses, just so an order for the child sup-

port does not involve only the parent required to make such payments and the custodian entitled to receive them. Under the statute such payments are made for the 'support, maintenance and education of the minor children' of the parties. In this state such children are 'interested and affected parties' in the divorce action involving their parents. The rights of such children are to be served and protected . . . Once a child support obligation terminates, the statute of limitations begins to run, but, then and earlier, the doctrine of laches does not apply." 242 N.W.2d at 910.

For the above-stated reasons, we find the trial court erred in holding that laches applied here.

Finally, appellant in her brief before the District Court, requested that interest be awarded with regard to the back child support obligation. This Court in the recent case of Williams v. Budke (1980), ___ Mont. ___, 606 P.2d 515, 37 St.Rep. 228, held:

"We hold therefore that when the marital dissolution decree is silent as to interest, such interest is automatically collectible by the judgment creditor spouse on past-due payments for support money or maintenance, the same as any other money judgment under section 25-9-205, MCA." 606 P.2d at 519, 37 St.Rep. at 234.

On the basis of Williams appellant is entitled to receive interest on child support payments which were due and owing since April 1971.

The decision of the District Court is reversed and the cause is remanded to the District Court for entry of judgment consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

-7-