No. 80-353

IN THE SUPREME COURT OF THE STATE OF MONTANA

1981

_____

SHIRLEY RAE JENSEN,

Petitioner and Respondent,

vs.

GORDON STEVEN JENSEN,

Respondent and Appellant.

_____

Appeal from:   District Court of the Fourth Judicial District,
               In and for the County of Missoula.
               Honorable James B. Wheelis, Judge presiding.

Counsel of Record:

    For Appellant:

        Sadler Law Offices, Missoula, Montana

    For Respondent:

        Balyeat, Kammerer and Rodli, Missoula, Montana

_____

Submitted on briefs: February 25, 1981

Decided: June 10, 1981

Filed: JUN 10 1981

_____
Thomas J. Kearney
                              Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Appellant and respondent, Gordon Steven Jensen, hereinafter referred to as the husband, appeals from the judgment and order of the District Court of the Fourth Judicial District, Missoula County, the Honorable James B. Wheelis, presiding, entered after a hearing upon respondent Shirley Rae Jensen's (wife's) petition for specific enforcement and modification of the decree of dissolution of their marriage.

The court ordered the husband to pay $1,035.74 in back child support pursuant to the parties' amended separation agreement, and then modified the agreement by increasing future monthly child support payments. Finally, the court awarded the wife reasonable attorney fees, later determined to be $1,657.16. We affirm the decision of the lower court.

The following issues will be discussed:

1. Did the District Court err in construing the provisions of the parties' separation agreement?

2. Did the court err in modifying the previous divorce decree so as to increase future child support payments?

3. Did the court properly award attorney fees to wife?

We affirm the District Court's judgment on all issues. We do not discuss husband's allegation that the court erred in failing to consider the contributions and expenses of Bob Stock, wife's former live-in boyfriend; that allegation is completely unsupported by the record. We also note that the separation agreement is not too vague; further litigation will result only if a party fails to abide by the court's decision.

The parties' marriage was dissolved by decree on January 10, 1977. The decree specifically incorporated a separation agreement executed by the parties. The separation agreement provided in part as follows:

1. the wife would have custody of the parties' two minor children;

2. the husband would pay $150 per month total child support;

3. the husband would claim both children as dependents for purposes of taking income tax exemptions;

4. the wife would take title to the parties' house, which includes income-producing rental property; and,

5. the successful party in any future action to enforce, modify or interpret the agreement would be awarded reasonable attorney fees.

Less than one year after entry of the decree of dissolution, on November 8, 1977, the wife filed a petition to modify the decree. The wife alleged substantial changes in circumstances sufficient to justify increasing child support payments to $300 per month. That action was settled when the parties stipulated to the following modifications of their original separation agreement:

(1) each party was allowed to claim one child as an income tax exemption;

(2) the husband agreed to pay for insurance coverage on the wife's automobile;

(3) the husband's monthly child support payments were increased from $150 total, to $112.50 per child, for a new total of $225, subject to later increases.

The above-stated modifications were accepted by the District Court, and the original decree was modified by an order dated and filed April 12, 1978.

Modification no. 3 above is the subject of the present dispute. The full text of that provision is:

"Child Support: [Husband] agrees to pay to [wife] as and for support and maintenance of the children, the sum of One Hundred Twelve Dollars and 50/100 ($112.50) per month per child . . . It is further agreed that in the event [husband] receives as [sic] increase in salary through his employment, [wife] shall receive a percentage increase in the payment received for child support, which percentage shall be equal to the percentage change in the salary of the [husband]."

The husband is a licensed, union plumber. His wage raises since the date of modification (April 12, 1978) are undisputed. On April 12, 1978, he was earning $11.68 per hour. His hourly wage increased to $12.85 on May 1, 1978, to $14.06 on July 1, 1978, and to $15.71 on July 10, 1979. The last rate was in effect at the time this action was commenced.

The last-mentioned hourly wage amounts to an increase of 34.5 percent over the April 12, 1978, wage. Husband's gross yearly earnings, however, have not increased by the same percentages. Due to the nature of his employment, he does not work during various periods in each year. Apparently for that reason, his gross yearly earnings in 1979 increased only 9 percent over his earnings in 1978 ($26,023 in 1979, $24,212 in 1978) and his net earnings increased only 6 percent.

The husband increased his monthly payments by $25 during the months of June, July, August, September and October of 1979. Such increase amounts to 11 percent over the base support figure of $225. However, in November 1979, the husband paid only $150 and in December 1979, he paid only $200. Thus since April 1978, the husband has paid a net of only $25 more than a total amount computed at the rate of $225 per month.

The District Court found that for the year 1978, the wife's income, exclusive of child support, was $5,631.21 and her expenses were $8,850.32. The court specifically found that "the budget on which [the wife] and her two (2) children exist does not provide for the reasonably necessary essentials of life."

The wife filed this action on July 25, 1979. In her

"Petition for Specific Enforcement and Modification of Decree of Dissolution of Marriage" she prayed for all back support owed to her because of the husband's increases in salary since April 12, 1978, and for modification of the decree to provide for future monthly support payments of $350 per child. She also requested that her maiden name be restored to her.

The husband responded with his own "Petition to Amend" in which he prayed that the child support provision be declared null and void, alleging that such a provision is against public policy and will only foster continual litigation. He alleged that the child support figure of $225 per month should remain in effect.

Trial was held on January 23, 1980. Each party then submitted proposed findings and conclusions, and supporting briefs.

The District Court entered judgment by "Decree Modifying the Decree of Dissolution of Marriage." The new decree orders the husband to pay back support, pursuant to the separation agreement as amended, in the amount of $1,035.74; that amount is equal to the increases in support which the husband should have paid as his hourly wages rose. The decree also orders the husband to pay future support in the amount of $275 per child, per month. The decree provides that all other provisions of the original separation agreement as amended shall remain effective. Finally, the decree awards wife reasonable attorney fees, which were determined at a later hearing to be $1,657.16.

The husband appeals.

This Court will not substitute its judgment for that of the trier of fact. We will consider only whether substantial

credible evidence supports the findings and conclusions. Findings will not be overturned unless there is a clear preponderance of evidence against them, recognizing that evidence may be weak or conflicting, yet still support the findings. Phennicie v. Phennicie (1979), ___Mont.___, 604 P.2d 787, 790, 36 St.Rep. 2378, 2381. The judgment of the trial court is presumed correct, and this Court will draw every legitimate inference to support that presumption. Marta v. Smith (1981), ___Mont.___, 622 P.2d 1011, 1015, 38 St.Rep. 28, 32; Madison Fork Ranch v. L & B Lodge, Etc. (1980), ___Mont.___, 615 P.2d 900, 905-906, 37 St.Rep. 1468, 1473.

The District Court awarded back child support in the amount of $1,035.74, calculated by determining the percentage increases in the husband's hourly wage rate. The husband claims error, arguing that the provision was intended to apply to increases in his net earnings, which amount here to approximately 6 percent in 1979 over 1978, whereas the court tied the provision to increases in his wage rate, which amounted ultimately to 34.5 percent. We find there is no clear preponderance of evidence against the court's findings. Only the husband testified that he interpreted the agreement as calling for increases in child support in the same percentage as that by which his net salary increased, computed at the end of the year. The court is not bound by the parties' agreements as to child support where the welfare of the children is concerned. Winters v. Winters (1980), ___Mont.___, 610 P.2d 1165, 1168, 37 St.Rep. 847, 850. The husband's approach would be to determine at the end of the year his net increase in salary over the previous year, and then to increase his succeeding monthly support payments by

the same percentage. The District Court has interpreted the agreement in light of the best interests of the children; the requirement that child support be increased as the husband's wage rate rises will better enable the wife to meet current expenses of raising and maintaining the children. The findings as to the wife's financial plight support such an interpretation. We decline to overturn the District Court's judgment.

If the District Court had applied the 34.5 percent increase in hourly wage to future child support payments, the result would have been a total of $302.63 per month for both children. The court, instead, set future support payments at a total of $550 per month, which is an increase of 144 percent. In the absence of evidence showing a wage increase of 144 percent, the determination by the District Court constitutes a modification of the divorce decree.

Because the husband did not consent in writing to a modification of his child support obligation, the District Court could modify that obligation only upon a showing of changed circumstances so substantial and continuing as to make the original child support provision unconscionable. Section 40-4-208(2)(b)(i), MCA; Firman v. Firman (1980), ____ Mont.____, 610 P.2d 178, 181, 37 St.Rep. 888, 890. The record here does contain evidence showing the need for increased child support and the husband's increased ability to pay such support. There is an evidentiary basis to support the determination that it would be unconscionable to continue the child support payments presently in effect. Gall v. Gall (1980), ____Mont.____, 608 P.2d 496, 498, 37 St.Rep. 639, 641.

In pertinent part, the evidence shows that the husband's hourly wage increased approximately 34 percent from April 1978

to July 1979, while his gross earnings for 1979 increased 9 percent over the 1978 gross earnings; and in addition to such gross earnings, he received nontaxable, per diem "subsistence" payments when he worked out of Missoula which totaled $4,654 in 1979, making total compensation for 1979 equal to $30,677. The evidence shows that the wife's income in 1979, including child support payments, was $8,356, which was $494 less than her expenses; and, that additional money is necessary to adequately provide for the children. This is sufficient evidence of substantial and continuing circumstances which render the prior decree unconscionable and justifies modification. In re Marriage of Bliss (1980), ___Mont.___, 609 P.2d 1209, 1212, 37 St.Rep. 708, 710-711.

The husband contests the award of attorney fees to the wife in the amount of $1,657.16. He argues that the wife was not entitled to the judgment, so should not have been awarded fees. We affirm the judgment. Here, both contractual and statutory bases are present for awarding attorney fees. Section 40-4-110, MCA. The parties' separation agreement provides, "[s]hould any action be commenced to enforce, modify or interpret any provision contained herein, the court, as a cost of suit, shall award a reasonable attorney's fee to the successful party." This action fits squarely within those terms. A hearing was held on March 31, 1980, giving the husband the opportunity to object to the claimed fees. The District Court's order of June 16, 1980, awarded attorney fees based upon the evidence presented. We find no error in the award.

The wife requests attorney fees be awarded upon this appeal. Her need for the award is shown in the court's findings as to her present financial condition. We affirm

the decision of the District Court and remand for findings as to reasonable attorney fees upon appeal, pursuant to the separation agreement and section 40-4-110, MCA.

_____
Justice

We concur:

_____

_____

_____

_____
Justices