No. 86-10

IN THE SUPREME COURT OF THE STATE OF MONTANA

1986

_____

IN RE THE MARRIAGE OF

SHIRLEY REA JENSEN, now
SHIRLEY REA WANBERG,

      Petitioner and Appellant,

   and

GORDON STEVEN JENSEN,

      Respondent and Respondent.

_____

APPEAL FROM: District Court of the Fourth Judicial District,
In and for the County of Missoula,
The Honorable James B. Wheelis, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Rex Palmer, Missoula, Montana

    For Respondent:

        Connell & Beers; Thomas J. Beers, Missoula, Montana

_____

Submitted on Briefs: August 7, 1986

Decided: October 20, 1986

Filed:   OCT 20 1986

_____
Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

This is an appeal from an order of the District Court of the Fourth Judicial District in and for Missoula County, Montana. The District Court found respondent husband responsible for child support that was not paid prior to June 1, 1981. The court modified the amount of child support, made a supplemental decree regarding visitation part of the final decree, refused to hold the respondent in contempt, and made each party responsible for his own costs and attorney's fees. The petitioner wife appeals. We affirm.

The parties in this action have been before this Court before. In Re the Marriage of Jensen (Mont. 1981), 629 P.2d 765, 38 St.Rep. 927. The facts prior to that decision are the same. In that action husband appealed the District Court's award of back child support based on a percentage increase in his hourly wage rate, future support payments of $275 per child per month, and the order to pay his wife's attorney's fees. A stay of judgment was granted pending appeal. We upheld the District Court. Predictably the decision did not relieve the friction between the parties.

Husband (Steve) began making $550 monthly support payments after our 1981 decision. Because he did not pay the increased support until the appeal was final, he owed considerable arrearage and interest. Steve and appellant, Shirley, orally agreed that when he took the children for an extended visit his payment would be reduced proportionately with the number of days he had the children. Additionally, in January, 1982, Shirley, knowing Steve would be working fewer hours because of layoffs and strikes, orally agreed to a reduction of child support on a monthly basis during time

2

of layoff and strike. Consequently, Steve has paid less than the total amount ordered by the District Court; however, he has lived up to the oral agreement with Shirley.

Realizing he was about to be transferred from Bozeman to Missoula in the spring of 1984, with a concomitant loss of about $5,000 in subsistence pay, Steve discussed with Shirley the possibility of a modification of child support. Shirley indicated she preferred the present oral arrangement to an actual modification --that is, a reduction when Steve was on strike, laid off, or had the children. Nevertheless, Steve petitioned the court for reduction, claiming a change in circumstances so substantial and continuing as to make the terms of the 1980 decree unconscionable. Shirley's income had continued to rise since the 1980 modification, while Steve's remained more or less the same, with the reduction when he moved to Missoula. Shirley appeals the order issued from that hearing.

The Court will consider the following issues:

(1) Whether a child support decree can be modified orally to reduce the support, and if so, whether there was substantial evidence to find the oral modification binding;

(2) whether there was substantial evidence to support the court's conclusion there had been a change in circumstances requiring a change in child support;

(3) whether it was error to modify the visitation provisions of the existing decree; and

(4) whether the court erred in denying attorney's fees.

In reviewing orders of the District Court we presume the judgment of the District Court is correct. Reynolds v. Reynolds (Mont. 1983), 660 P.2d 90, 93, 40 St.Rep. 321, 324,

3

and will reverse the District Court only when there is a clear abuse of discretion. Rule 52(a), M.R.Civ.P.

> The test of abuse of discretion is whether the trial court acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice. [Citing cases.]

In Re the Marriage of Perry (Mont. 1985), 704 P.2d 41, 43, 42 St.Rep. 1101, 1104.

Shirley argues the court's findings of an oral modification of the child support provision is directly contrary to § 40-4-208, MCA. The statute reads in pertinent part:

> (1) Except as otherwise provided in 40-4-201(6), a decree may be modified by a court as to maintenance or support only as to installments accruing subsequent to the motion for modification.
>
> (2)(a) . . .
>
> (b) Whenever the decree proposed for modification contains provisions relating to maintenance or support, modification under subsection (1) may only be made: (i) upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable; or (ii) upon written consent of the parties . . .

We have recognized that parties to a child support decree may orally modify the amount of support. See In Re the Marriage of Good (Mont. 1984), 691 P.2d 1337, 1339, 41 St.Rep. 2109, 2111; Haaby v. Haaby (1974), 165 Mont. 475, 478, 529 P.2d 1387, 1388. The statute allows a court to modify a decree of support on two different theories. Under subsection (2)(b)(i), the court may order modification upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable. This statutory statement is similar in nature to a statement that a modification may be made only upon substantial

4

circumstances rendering enforcement inequitable. In addition, under (2)(b)(ii), the court may make its order as to subsequently accruing installments based upon the written consent of the parties. The question then becomes whether an oral modification of the support or maintenance provisions of a decree is enforceable in Montana, and the extent of any such enforcement.

In the recent case of State of Washington ex rel. Blakeslee v. Horton (Mont. 1986), 722 P.2d 1148, 43 St.Rep. 1321, the uncontradicted findings of the District Court established an oral agreement which had been carried out for fourteen years by both the former husband and wife. The District Court concluded that when parties mutually agree to support amounts different than those set forth in the decree, equity cannot allow a party to nullify such agreement and later to claim the benefit simply on the basis that there is a meter running totaling a dollar loss in child support. We affirmed the District Court and held that equity demanded the claim of the mother should fail.

In a similar manner, in In Re the Marriage of Cook (Mont. 1986), ___ P.2d ___, 43 St.Rep. 1732, we agreed with the District Court that the mother was estopped from enforcing the support provision of the decree from the date she and the father had entered into an oral agreement modifying the amount of the support provisions. We noted the provisions of § 40-4-208, MCA, are subject to the doctrine of equitable estoppel under the facts of the case, pointing out that the doctrine may be applied only in those cases where there is clear and compelling evidence of its elements.

In the present case, we again find an oral agreement between a mother and father which has been followed for

5

several years. We therefore hold that in Montana a decree for support may be modified on equitable grounds by a court where there is clear and compelling evidence of the terms of an oral agreement of modification. We further hold such modification may be applied only to maintenance and support payments to be made subsequent to the oral agreement for modification. These conclusions are consistent with § 40-4-208, MCA, which limits modifications to installments subsequently accruing, and which also limits the power of the district court to modify, except upon a showing of changed circumstances so substantial and continuing as to make the terms unconscionable where there is no written consent of the parties. These conclusions also are consistent with both Blakeslee and Cook where we enforced oral agreements pertaining to installments of support subsequently accruing.

We further hold that where an oral agreement for the modification of maintenance or support payments is enforced, not only must the agreement be made in good faith, but the mother or father may not impair the rights of any assignee of support payments based upon public assistance paid to a party. In the present case the child support decree can be modified orally to reduce subsequently accruing support payments.

The next question before the Court is whether there is an enforceable oral agreement between Shirley and Steve. A party to an agreement which has been performed for some length of time is estopped to deny its validity. A letter from Shirley to Steve provides written manifestation of the agreement: "We have always come in agreement upon the reduction of support during layoffs." She also testified, "We discussed the shortage almost every time there was a

6

shortage." Steve testified that he and Shirley had an agreement whereby he would reduce child support payments during strikes and layoffs or when he had the children. There is substantial evidence to support the finding of the District Court an enforceable oral agreement had been made.

On finding there is an enforceable oral agreement, we must consider whether there is substantial evidence that there has been a change in circumstances requiring a change in child support. Not surprisingly, conflicting evidence as to the parties' financial circumstances was offered. It is the duty and function of the District Court to resolve such conflict and its findings will not be disturbed on appeal where they are based on substantial, though conflicting evidence. In Re Support of Rockman (Mont. 1985), 705 P.2d 590, 592, 42 St.Rep. 1323, 1325.

While Steve's wages have been reduced, Shirley's financial situation has improved. She has remarried and her new husband has a steady job. They are buying a piano and an expensive car. Shirley owns two pieces of rental property. They have no day-care expenses because of Shirley's work schedule, and recently took a trip to Hawaii. Steve lives in a fifth-wheel travel trailer, and has assumed the financial obligations for his disabled girl friend and her young son. He owns very little personal property and no income producing property. His employment is subject to strikes and layoffs, yet he has tried to make payments as he is able. The court found these changed circumstances so substantial and continuing as to make the terms of the 1980 modification unconscionable pursuant to § 40-4-208(2)(b)(i), MCA. The court's findings are not in error.

Shirley's argument it was error for the District Court not to grant the petition for child support income deduction is moot. The day this appeal was filed, the parties executed a stipulation that Steve was to pay $3,460 to Shirley, and Shirley was to release all Steve's funds held by the Missoula County Sheriff's Department in satisfaction of his obligations to her pursuant to paragraph 1 of the District Court's order of September 27, 1985.

Shirley contends it was error for the court to modify the visitation provision of the existing decree because neither she nor the court had been served notice of the motion to modify. "Under § 40-4-217(3), MCA, the trial court may modify visitation rights when the modification would be in the best interest of the children." Gall v. Gall (1980), 187 Mont. 17, 19, 608 P.2d 496, 498. The original decree allowed Steve reasonable visitation rights on the then apparent ability of the parties to agree. Testimony during the hearing indicated conflict between Shirley, Steve and Steve's girl friend over visitation. The court did not abuse its discretion in concluding visitation periods needed to be spelled out to preclude further disagreements between the parties. There is no evidence such modification would not be in the best interests of the children. The modification clarifies visitation to guarantee them frequent and substantial contact with their father. In view of the continuing instances of controversy between the parties, such a decision is in the best interests of the children.

Shirley is not entitled to attorney's fees. Award of attorney's fees under the statute is not mandatory. Section 40-4-110, MCA. In Re the Marriage of Carlson (Mont. 1984), 693 P.2d 496, 501, 41 St. Rep. 2419, 2425. Shirley argues

8

the separation agreement and an award of attorney's fees in Jensen, supra, 629 P.2d 765, 38 St.Rep. 927, entitles her to cost of suit in this action. However, in that case she prevailed and made a showing of need. In the case at bar she has made no showing of need and is not the prevailing party. We will not disturb the District Court's refusal to award attorney's fees.

The order of the District Court is approved.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____

_____

_____
Justices

9