Judy A. WALL, Plaintiff-Respondent,

v.

Wayne E. WALL, Defendant-Appellant.†

Court of Appeals

*No. 86–1905. Submitted on briefs April 29, 1987.—Decided June 3, 1987*

(Also reported in 410 N.W.2d 593.)

† Petition to review denied.

On behalf of the defendant-appellant the cause was submitted on the briefs of *Dyan Evans Barbeau* and *E. Campion Kersten* of *Kersten & McKinnon* of Milwaukee.

On behalf of the plaintiff-respondent the cause was submitted on the brief of *William W. Moir III* of *Hayes, Neumann, Humke, Moir & Van Akkeren, S.C.* of Sheboygan.

Before Scott, C.J., Brown, P.J., and Nettesheim, J.

SCOTT, C.J.   Judy A. Wall successfully brought a claim against Wayne E. Wall for $15,000 in arrearages owing under a cost-of-living adjustment (COLA) provision of their divorce judgment. Wayne appeals, arguing alternatively that laches bars the action, that the COLA provision should be stricken as irreparably vague or that Judy's failure to comply with the notice procedure of sec. 767.33(2), Stats., prohibits collection

of arrearages after July 31, 1981, the statute's effective date. We affirm for the following reasons: (1) Wayne's claims of prejudice date before the statute of limitations began to run and therefore laches is inapplicable; (2) the trial court's repair of the COLA provision was within appropriate bounds; and (3) sec. 767.33 does not apply to a divorce stipulation containing a COLA provision entered into before the effective date of the statute.

Judy and Wayne's divorce decree was based upon a stipulation which provided that Wayne would pay family support of $1167.67 per month beginning December 1, 1977 and ending November 30, 1982. Of this monthly amount, $425 was for child support, and the termination of that portion coincided with the couple's child reaching majority. The remainder of the monthly payment was for Judy's maintenance, and termination could only occur before the end of the five-year period if she were to remarry.

The provision at issue concerns an annual adjustment to the family support payment to account for the effects of inflation. The adjustment was to begin January 1, 1979, using 1978 as the base year and tying the percentage adjustment to the consumer price index. The monthly payments Wayne made throughout the five-year period never included this cost-of-living adjustment.

In July 1983, approximately seven months after the family support obligation terminated, Judy began a separate action to collect approximately $15,000 in past COLA payments.[1]

---

[1]The couple's minor child Fred died in September 1982, two months before the end of the family support period.

Unless otherwise specified, the issues presented raise questions of law which we may review without deference to the trial court. *In re Estate of Omernick,* 112 Wis. 2d 285, 290, 332 N.W.2d 307, 309 (1983). With this in mind, we turn to address the three issues raised.

While recognizing that under *Paterson v. Paterson,* 73 Wis. 2d 150, 155, 242 N.W.2d 907, 910 (1976), the defense of laches is not available in an action to collect child support, Wayne nonetheless argues that laches should bar Judy's claim to the maintenance portion of the family support payments. He then attempts to establish a laches defense as outlined in *Schafer v. Wegner,* 78 Wis. 2d 127, 132, 254 N.W.2d 193, 196 (1977). He argues that Judy's failure to enforce her rights under the COLA provision for almost five years after the entry of the divorce judgment constitutes unreasonable delay, that she was fully aware of the COLA provision throughout this period and, finally, that he has suffered prejudice in the form of other debts and obligations he incurred on the assumption that he was meeting his obligations to Judy and their son.

We agree with the trial court that laches does not apply here. *Paterson* specifically held that laches does not apply before the statute of limitations begins to run and that, in the case of a child support order, the statute of limitations begins to run when the child attains majority. *Paterson,* 73 Wis. 2d at 156, 242 N.W.2d at 910. We believe that the statute of limitations rule set out in *Paterson* is based on the potential for a child support order to be revised upon a showing of changed circumstances anytime before the child attains majority. *See id.* at 155, 242 N.W.2d at 910. We

find that this logic extends to the family support arena.

■

A family support order, like its child support counterpart, is subject to revision until its termination date. Therefore, the statute of limitations begins to run only after the payments are terminated and the defense of laches is unavailable before that time. The prejudice Wayne claims to have suffered in Judy's alleged failure to enforce her COLA right dates before the family support obligation terminated and thus before the statute of limitations began to run. Therefore, the trial court was correct in saying laches did not apply.

■

Wayne next argues that the COLA provision was so vague as to render it unenforceable and that the trial court acted improperly in redrafting the provision to make sense out of it. We disagree. Both sides agree that the provision was vague; however, as the trial court found, the facts and circumstances surrounding the drafting of the agreement indicate that the effects of inflation were a concern and that a cost-of-living adjustment was clearly contemplated. Findings of fact will not be disturbed on appeal unless clearly erroneous. Sec. 805.17(2), Stats. The trial court simply corrected the dates to remove the ambiguity as to how to calculate the adjustment and in so doing gave effect to the parties' intent. This was well within its authority. *See Will of Dolph*, 260 Wis. 291, 296, 50 N.W.2d 448, 450 (1951).

■

Alternatively, Wayne argues that Judy is not entitled to any adjustment after July 31, 1981, the effective date for sec. 767.33, Stats., because she did

345

not petition the court for a cost-of-living adjustment as the statute requires. The purpose of sec. 767.33 is to create a mechanism for a cost-of-living adjustment to support orders, provided there is notice and an opportunity to be heard. We see no need for the application of the statute and conclude that sec. 767.33 does not apply to a stipulation containing a COLA provision entered into before the statute's effective date.

*By the Court.*—Judgment affirmed.