**In re the MARRIAGE OF Carol Aragon, f/k/a Carol GARCIA,**

**and**

**John Benjamin Garcia, Sr., Appellee,**

**and Concerning**

**Las Animas County Department of Social Services, Appellant.**

No. 88CA0343.

Colorado Court of Appeals, Div. C.

April 13, 1989.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Anthony S. Trumbly, Asst. Atty. Gen., Denver, for appellant.

No appearance for appellee.

ENOCH,* Judge.

The Las Animas County Department of Social Services (Department) appeals from the trial court's order partially denying its motion for a wage assignment against John Benjamin Garcia, Sr. (father). We reverse and remand.

The marriage of the father and mother was dissolved in September 1975, and, under the terms of a settlement agreement incorporated into the dissolution decree, father was required to pay monthly child support of $50 for the parties' minor son. In October 1987, the Department filed a motion for a wage assignment against fa-

ther, seeking to recover $6,577 in child support arrearages that had accrued over a twelve-year period. Father filed a timely objection to the motion.

At the subsequent hearing, father did not dispute the amount of the arrearage, but claimed that a portion of the arrearage was subject to a six-year statute of limitation. The trial court agreed and ruled that the Department was barred from collecting $2,977 in arrearages that had accrued more than six years prior to the action.

The Department contends that its motion for a wage assignment is subject to a twenty-year statute of limitations, rather than the six-year period set out in § 13–80–103.5, C.R.S. (1987 Repl.Vol. 6A). We agree.

Colorado courts have long recognized that a child support installment under a dissolution decree becomes a binding final judgment when it falls due and may be enforced as any other judgment. *Burke v. Burke*, 127 Colo. 257, 255 P.2d 740 (1953); *In re Marriage of McCue*, 645 P.2d 854 (Colo.App.1982). This common law rule was recently codified by the General Assembly in § 14–10–122(1)(c), C.R.S. (1988 Cum.Supp.) which provides as follows:

"In any action or proceeding in any court of this state in which child support, maintenance when combined with child support, or maintenance is ordered, a payment becomes a final money judgment when it is due and not paid.... In order to enforce a judgment, the judgment creditor shall file with the court that issued the order a verified entry of judgment specifying the period of time that the judgment covers and the total amount of the judgment for that period."

Here, the Department has satisfied the requisite to enforcement under this statute by filing a verified entry of judgment and supporting affidavit.

Because child support and maintenance installments become final money judgments upon maturity, our supreme court has ruled that the applicable statute of

* Sitting by assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3), and § 24–51–1105, C.R.S. (1988 Repl.Vol. 10B).

limitations is the 20–year period prescribed for execution upon judgments of every kind, § 13–52–102(a)(2)(a), C.R.S. (1987 Repl.Vol. 6A). *See Hauck v. Schuck,* 143 Colo. 324, 353 P.2d 79 (1960) (applying C.R.S.1963, 77–1–2, the predecessor to the current statute).

Accordingly, we hold that the trial court erred in ruling that the Department's action was barred in part by § 13–80–103.5, C.R.S. (1987 Repl.Vol. 6A).

The order is reversed and the cause is remanded for entry of a wage assignment order for the full amount of the arrearage.

STERNBERG and SILVERSTEIN *, JJ., concur.