No. 89-246

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

IN RE THE MARRIAGE OF:

SHARLENE H. GUCKEEN,

        Petitioner and Respondent,

   and

TERRY H. GUCKEEN,

        Respondent and Appellant.

APPEAL FROM:  District Court of the Eighth Judicial District
               In and for the County of Cascade
               The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Howard F. Strause, Great Falls, Montana

    For Respondent:

        James D. Elshoff, Great Falls, Montana

Submitted on Briefs: October 25, 1989

Decided: December 1, 1989

Filed:

_____
                  Clerk

FILED

DEC 1 - 1989

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Justice John Conway Harrison delivered the Opinion of the Court.

Terry Guckeen appeals a judgment of the District Court of the Eighth Judicial District, Cascade County, Montana. The District Court ordered appellant to pay respondent Sharlene Guckeen $17,700 in back child support representing 118 months at $150/month. We reverse the judgment and remand to the District Court for a rehearing.

Appellant presents a single issue for review.

Did the District Court err in declining to exercise its equitable powers when the parties have orally and in writing altered the terms of a sixteen-year-old divorce decree?

Terry and Sharlene Guckeen were divorced on March 6, 1972. The divorce decree awarded custody of the couple's three minor children to Sharlene and ordered Terry to pay $150 per month in child support. (One of these children died in 1974.) Almost immediately after the divorce, Terry and Sharlene began living together and continued to live together until January of 1978. The parties stipulated that no support payments are due prior to July, 1978.

After the divorce, Terry and Sharlene had two more children: Brian, born December 18, 1974 and Brandon, born February 18, 1979. Except for a short period of time, Brian has always lived with his father and Brandon has always lived with his mother. No custody or support order has ever been sought with regard to these two children and neither Terry nor Sharlene has paid to or requested support from the other with regard to these two children.

On January 26, 1978, Terry and Sharlene entered into a written agreement that gave custody of the children mentioned in the divorce decree to Terry. The agreement also provided that Terry would never collect any child support payments from Sharlene.

In spite of the written agreement giving custody of the children to Terry, the parties made an oral agreement that the children could live with whichever parent they wished. Pursuant to that oral agreement, the children mentioned in the divorce decree have spent roughly equal time with each parent. Terry has made no support payments to Sharlene and Sharlene has not requested any support payments. Terry did make child support payments to the State of California through Cascade County when California sought recovery for Aid to Families of Dependent Children payments. The youngest child mentioned in the divorce decree reached majority on October 21, 1987.

On June 26, 1985, Sharlene filed a motion requesting a judgment against Terry for past due child support. A hearing was finally held on June 6, 1988. Based on the change in custody arrangements after the divorce decree, Terry sought to invoke the District Court's equitable powers to estop Sharlene's claim for back child support. In its February 16, 1989 Conclusions of Law, the District Court found that Terry had not done equity because he had not paid any support for his four children in the past sixteen years. Therefore the District Court held that Terry had attempted to invoke the District Court's equity power with unclean hands and the District Court declined to exercise its equitable powers.

Appellant argues that the District Court should have granted him equitable relief because of this Court's decisions in the following five cases: State ex rel. Blakeslee v. Horton (1986), 222 Mont. 351, 722 P.2d 1148; In re the Marriage of Cook (1986), 223 Mont. 293, 725 P.2d 562; In re the Marriage of Jensen (1986), 223 Mont. 434, 727 P.2d 512; In re the Marriage of Sabo (1986), 224 Mont. 252, 730 P.2d 1112; and In re the Marriage of Ryan (Mont. 1989), 778 P.2d 1389, 46 St.Rep. 1543. We agree.

3

The above-mentioned cases illustrate the equitable exception to the general rule that child support payments cannot be modified retroactively. Marriage of Ryan, 778 P.2d at 1390. The equitable exception arises when the parties by consent and conduct alter the terms of the original decree. Marriage of Sabo, 730 P.2d at 1114. In the instant case, the parties by consent and conduct altered the terms of the original decree. Terry had residential custody of and totally supported the children mentioned in the divorce decree approximately half of the time until they reached majority.

Where the parties have altered the original custody arrangements, equity functions to reconcile reasonable child support with actual residential custody. The above-mentioned cases clearly articulate the guidelines to be used in this reconciliation.

We reverse the judgment and remand to the District Court for rehearing consistent with this opinion.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

4

No. 89-246

IN THE SUPREME COURT OF THE STATE OF MONTANA

1989

_____

IN RE THE MARRIAGE OF:

TERRY H. GUCKEEN,

       Plaintiff and Appellant,

   and

SHARLENE GUCKEEN,

       Respondent and Respondent.

_____

APPEAL FROM:  District Court of the Eighth Judicial District
              In and for the County of Cascade
              The Honorable Thomas M. McKittrick, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Howard F. Strause, Great Falls, Montana

    For Respondent:

        James D. Elshoff, Great Falls, Montana

_____

Submitted on Briefs: October 25, 1989

Decided: December 1, 1989

Filed:

                            Clerk