No. 90-567

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

IN RE THE MARRIAGE OF

CAROLYN L. (CRITTENDON) HOOPER,

Petitioner and Respondent,

and

GARY D. CRITTENDON,

Respondent and Appellant.

FILED

FEB 26 1991

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM: District Court of the Second Judicial District,
In and for the County of Silver Bow,
The Honorable Mark P. Sullivan, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

C. Kathleen McBride; Johnson, Skakles & Kebe, Butte,
Montana

For Respondent:

Brad Belke, Attorney at Law, Butte, Montana

Submitted on Briefs: January 24, 1991

Decided: February 26, 1991

Filed:

Clerk

Justice John Conway Harrison delivered the Opinion of the Court.

Gary Crittendon appeals a September 24, 1990, decision of the District Court of the Second Judicial District, Silver Bow County, awarding Carolyn Crittendon Hooper $23,250 in child support arrearages. We affirm in part and remand in part.

Crittendon presents two issues:

1. Did the District Court err in failing to exercise its equitable powers to estop the collection of past due child support?

2. Did the District Court err in calculating past due child support payments by failing to limit the judgment to a period of ten years?

After nearly seven years of marriage, Gary Crittendon and Carolyn Crittendon Hooper were divorced on February 7, 1973. Custody of the two minor children, ages six and one, was awarded to Hooper, and Crittendon was required to pay $150 per month in child support. The children are now 24 and 19 years of age.

Since the date of the dissolution, Crittendon had paid a total of approximately $1,800 in child support. District Court records show that Hooper made attempts in 1973 and 1975 to collect past due child support payments. In addition, Hooper testified that she contacted the Department of Social and Rehabilitation Services in August 1977 and the Child Support Enforcement Division in 1987 concerning collection of back child support. Hooper stated that because of lack of funds she was unable to further pursue collection of child support arrearages.

Crittendon testified that in a contempt proceeding in 1973, the District Court reduced the monthly support payments to $80 per month. A record of the court's order reducing payments could not be found.

After the divorce, Crittendon lost contact with the children. In the late 1970's the children's surname was changed to "Hooper." Crittendon claimed that he abided by Hooper's wishes in staying away from the children, impliedly in exchange for non-payment of child support.

I

Did the District Court err in failing to exercise its equitable powers to estop the collection of past due child support?

Crittendon contends that an equitable exception to the rule concerning modification of child support payments applies in his case.

Ordinarily, the amount of child support payments may only be modified prospectively. Section 40-4-208(1), MCA. However, when the parties mutually agree to modify child support payments and the agreement is observed over a period of years, in an action for support arrearages the trial court may, in exceptional circumstances, refuse to award the original amount mandated in the dissolution decree or child support order. In re Marriage of Guckeen (1989), 240 Mont. 136, 782 P.2d 1284; State ex rel. Blakeslee v. Horton (1986), 222 Mont. 351, 722 P.2d 1148. The theory underlying this exception is that the party bringing the action is equitably estopped from denying the mutual agreement upon

3

which the other party relied. See In re Marriage of Jensen (1986), 223 Mont. 434, 439, 727 P.2d 512, 515.

The requirements for applying this equitable exception to the rule that child support payments may not be modified retroactively are (1) substantial and continuing change in circumstances rendering enforcement of the original decree of child support inequitable; (2) mutual agreement between the parties made in good faith; and (3) conduct over a period of years consistent with the agreement. Jensen, 223 Mont. at 438-40, 727 P.2d at 515-16. These elements must be shown by clear and convincing evidence and only apply to payments due subsequent to the mutual agreement. Jensen, 223 Mont. at 439, 727 P.2d at 515-16. Furthermore, child support modification by the parents must not impair the rights of any assignee of support payments. Jensen, 223 Mont. at 440, 727 P.2d at 516.

The record does not support Crittendon's contention that the parties impliedly agreed to modification of the support provisions of the dissolution decree. Crittendon testified as follows:

> CRITTENDON'S COUNSEL: So, do I understand that since approximately sometime in 1974 that you and your wife or ex-wife have had some sort of an understanding that you wouldn't try to visit the children and that she would not seek child support?

> CRITTENDON: I don't know her feelings on this, I know that mine were based on that implied impression, that if I stayed away everything would be okay.

Crittendon's testimony does not reveal a mutual agreement and was contradicted by Hooper's testimony that Crittendon could have requested visitation at any time. We hold that the District Court

4

did not err in refusing to apply the equitable estoppel exception to retroactive modification of child support payments.

## II

The second issue is whether the District Court erred in failing to apply the ten-year statute of limitations applicable to judgments.

Crittendon maintains that either the six-year statute of limitations applicable to execution of judgments or the ten-year limitations period for actions on a judgment or decree should limit the amount of his past due support obligation. See §§ 25-13-101 and 27-2-201(1), MCA. Hooper responds that any limitations period should not commence until the youngest child becomes emancipated.

This is a case of first impression in Montana, although this Court has ruled that the doctrine of laches cannot serve as a defense to collection of child support arrearages. Fitzgerald v. Fitzgerald (1980), 190 Mont. 66, 618 P.2d 867. The rationale in Fitzgerald was that the parent owed a duty to the child, as well as to the state, to support the child and that the parent's support obligation could be enforced at any time during the child's minority. Fitzgerald, 190 Mont. at 69-71; 618 P.2d at 868-869.

In some jurisdictions the limitations period does not begin to run until the arrearages have been reduced to a lump sum payment or until the youngest child is emancipated. See Harvey v. McGuire (Ky. App. 1982), 635 S.W.2d 8 (fifteen-year limitations period not triggered until delinquency reduced to final judgment or until emancipation of child); Wilson v. Wilson (Miss. 1985), 464 So.2d

5

496; Wall v. Wall (Wis. App. 1987), 410 N.W.2d 593.

In Wilson the court held that Mississippi's seven-year statute of limitations does not start to accrue until the youngest child reaches majority because the cause of action belongs to the child, not the parent. The court cited parents' legal and moral obligation to support their children. Wilson, 464 So.2d at 498-99.

The Wisconsin rule that the statute of limitations does not begin to run until the child reaches majority is "based on the potential for a child support order to be revised upon a showing of changed circumstances anytime before the child attains majority." Wall, 410 N.W.2d at 595.

In a small minority of jurisdictions, no limitations period applies to child support decrees. See, e.g., Finnern v. Bruner (Neb. 1958), 92 N.W.2d 785.

In a majority of jurisdictions the statute of limitations applicable to judgments will bar enforcement of delinquent child support obligations which fall outside the statutory limit. 2 H. Clark, Jr., The Law of Domestic Relations, 394-95 (1987); see Young v. Williams (Alaska 1978), 583 P.2d 201 (ten-year statute); Corbett v. Corbett (Ariz. App. 1977), 569 P.2d 292 (five-year statute); In re Marriage of Utigard (Cal. App. 3 Dist. 1981), 178 Cal. Rptr. 546 (ten-year statute); In re Marriage of Aragon (Colo. App. 1989), 773 P.2d 1110 (twenty-year statute); Mayo v. Mayo (D.C. App. 1986), 508 A.2d 114 (twelve-year statute); Lindsey v. Lindsey (Hawaii App. 1986), 716 P.2d 496 (ten-year statute); Dunn v. Dupre (Idaho 1966),

6

420 P.2d 8; Riney v. Riney (Kan. 1970), 473 P.2d 77 (five-year statute); Evertsen v. Jenssen (La. App. 5 Cir. 1989), 552 So.2d 1277, rev. denied 556 So.2d 1283 (1990) (five-year statute specifically applying to child support obligations); Miller v. Miller (Md. App. 1987), 519 A.2d 1298 (twelve-year statute); Rybinski v. Rybinski (Mich. 1952), 53 N.W.2d 386 (ten-year statute); Bednarek v. Bednarek (Minn. App. 1988), 430 N.W.2d 9 (ten-year statute specifying child support payments); Wimmer v. Wimmer (Mo. App. 1985), 690 S.W.2d 475 (ten-year statute revised to specifically apply to child support payments); Britton v. Britton (N.M. 1983), 671 P.2d 1135 (fourteen-year statute); Ames v. Ames (Or. App. 1982), 652 P.2d 1280 (ten-year statute); Smith v. Smith (Tex. App. 1982), 643 S.W.2d 523 (ten-year statute); Seeley v. Park (Utah 1975), 532 P.2d 684 (eight-year statute); Matter of Marriage of Ulm (Wash. App. 1 Dist. 1984), 693 P.2d 181 (ten-year statute).

These courts reason that since each child support payment becomes a separate, final judgment as of its date of accrual, the statute of limitations pertaining to final judgments applies. See, e.g., Aragon, 773 P.2d at 1111-12; Lindsey, 716 P.2d at 499. The Montana Supreme Court has stated that each child support payment "becomes a judgment debt similar to any other judgment for money." In re Marriage of Sabo (1986), 224 Mont. 252, 254, 730 P.2d 1112, 1113. Thus, the ten-year statute of limitations for actions upon court judgments or decrees, § 27-2-201(1), MCA, applies to actions by one parent against the other for child support arrearages. The

7

District Court, under the facts of this case, should have limited awarded arrearages to payments due within the ten-year period prior to initiation of the suit.

The award of child support arrearages is remanded to the District Court for entry of judgment consistent with this opinion. The judgment of the District Court refusing to estop collection of past due support is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices