JUSTICE NELSON
dissents.
¶27 I dissent from the Court’s opinion as to Issue 1, and I would reverse. Accordingly, I would not address Issue 2.
¶28 At the outset, I note that § 40-4-208(1), MCA, allows only for the prospective modification of child support payments. In re Marriage of Hooper (1991), 247 Mont. 322, 324, 806 P.2d 541, 543. We have also held that each child support payment “becomes a judgment debt similar to any other judgment for money.” Willoughby v. Loomis (1994), 264 Mont. 44, 49, 869 P.2d 271, 274 (quoting In re Marriage of Sabo (1986), 224 Mont. 252, 254, 730 P.2d 1112, 1113).
¶29 Notwithstanding our case law which holds that this statutory provision should be strictly construed, In re Marriage of Petranek (1992), 255 Mont. 458, 460, 843 P.2d 784, 786, the trial court, and now this Court, have effectively modified Clifford’s past-due child support obligation to zero and have, thereby, retroactively deprived Michele of her judgment. We justify this result on the basis of equitable estoppel. I disagree.
¶30 Ordinarily, and even though the child’s custodian fails promptly to seek compliance with a support order, equitable doctrines of laches and estoppel will not be applied to relieve a parent-obligor of past-due child support obligations. The theory behind this rule is that such payments are for the child’s benefit and that inaction by the custodian should not inure to the benefit of the person choosing not to make such payments and, thus, allow him or her to profit thereby. See Fitzgerald v. Fitzgerald (1980), 190 Mont. 66, 618 P.2d 867.
¶31 Nonetheless, this Court has carved out a narrow equitable exception to the statutory rule in cases where the parties have orally agreed to modify an existing child support order, and have relied on that oral modification. In re Marriage of Widhalm (1996), 279 Mont. 97, 101, 926 P.2d 748, 751 (citing In re Marriage of Jensen (1986), 223 Mont. 434, 727 P.2d 512). However, this exception applies only when there are extraordinary or exceptional circumstances that include: (1) a substantial and continuing change in circumstances rendering enforcement of the original decree of child support inequitable; (2) mutual agreement between the parties made in good faith; and (3) *325 conduct over a period of years consistent with the agreement. These elements must be established by clear and convincing evidence and apply only to payments due subsequent to the mutual agreement. Hooper, 247 Mont. at 324, 806 P.2d at 543 (citing Jensen, 223 Mont. at 438-40, 727 P.2d at 515-16). See also In re Marriage of Guckeen (1989), 240 Mont. 136, 782 P.2d 1284; State ex rel. Blakeslee v. Horton (1986), 222 Mont. 351, 722 P.2d 1148.
¶32 In the case sub judice, it is undisputed that these elements were not fulfilled. There is no evidence of any agreement between the parties — either express or implied — relieving Clifford of his child support obligations. In fact, both parties testified that there was no agreement between them.
¶33 Rather than simply applying § 40-4-208(1), MCA, and our clearly articulated case law to the facts of this case, the majority summarily does away with the “agreement” element of our judicially created narrow exception. We justify this decision on the basis of In re Marriage of KEV (1994), 267 Mont. 323, 883 P.2d 1246, a case that had absolutely nothing to do with allowing retroactive modifications of child support orders on the basis of equitable theories. {KEV utilized classic six element equitable estoppel analysis to create parentage by estoppel. KEV, 267 Mont. at 331-34, 883 P.2d at 1252-53).
¶34 While this approach certainly achieves the result which the Court apparently finds more palatable under the facts of this case, I believe that, in ignoring the law, we have done grave damage to the finality and the sanctity of child support judgments in general; we have summarily and unconstitutionally deprived Michele of an important, vested property right to collect an accrued judgment; and we have established a precedent that will make it immeasurably easier for deadbeat parents to avoid their child support obligations. I cannot agree with this approach.
¶35 I would reverse the trial court’s decision and reinstate Michele’s judgment. I dissent from our failure to do so.
JUSTICE LEAPHART concurs in the foregoing dissent.