No. 04-653

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 220N

IN RE CHILD SUPPORT OBLIGATION FOR
S.E.H.-S., a minor child,

KELLEY M. SHAW,

        Petitioner and Appellant,

   v.

VERONICA HOWARD and CHILD SUPPORT
ENFORCEMENT DIVISION OF DPHHS,

        Respondent and Respondent.


APPEAL FROM:    District Court of the Fourth Judicial District,
                   In and for the County of Mineral, Cause No. DR 2004-5,
                   The Honorable Ed McLean, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

        Terry L. Wolfe, Sol & Wolfe Law Firm, PLLP, Missoula, Montana

        For Respondent CSED:

        David R. Barnhill, Child Support Enforcement Division, Helena, Montana


                      Submitted on Briefs:  March 1, 2005

                             Decided:  September 6, 2005

Filed:


                          Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to § I, para. 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list published in the Pacific Reporter and Montana Reports.

¶2 Kelley M. Shaw ("Shaw") appeals from judgment of the Fourth Judicial District Court, Mineral County, wherein the District Court affirmed a decision of the Child Support Enforcement Division's ("CSED") Administrative Law Judge ("ALJ"), and denied a subsequent motion to alter or amend such judgment. The ALJ found that Shaw was delinquent in payment of child support in the amount of $7,735.75. In computing this total the ALJ took into consideration what payments were made by Shaw and any periods of time the child lived with Shaw, but noted the difficulty in deciphering precisely what had occurred and what payments had been made. The District Court affirmed the ALJ and ordered Shaw to pay the $7,735.75. We affirm.

¶3 The Court has determined to decide this case pursuant to § 1, para. 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that the appeal is without merit.

¶4 The issue on appeal is whether the District Court erred in affirming the ALJ's decision that Shaw owed $7,735.75 in past due child support. In reviewing child support orders of the district court we presume the judgment of the district court is correct and will reverse the district court only when there is a clear abuse of discretion. *In re Marriage of Jensen* (1986), 223 Mont. 434, 438, 727 P.2d 512, 515.

2

¶5     Generally, under § 40-4-208, MCA, a child support obligation may be modified by the court only as to installments accruing subsequent to a motion for modification. However, there is an exception where there is clear and compelling evidence that the parties entered into an agreement to modify the support provisions. *Jensen*, 223 Mont. at 439, 727 P.2d at 515.  Here, Shaw claims that under such exception, Veronica Howard (Respondent) should be estopped from claiming that any past child support is owed.  Shaw points out that in September of 1999, Shaw and Howard requested that the CSED case be closed, and also noted that the child had lived with him at several points during the years in question.

¶6     There is sufficient evidence in the record to support the findings of fact entered by the ALJ.  The ALJ considered all of the evidence presented, in determining the amount of back child support that was actually owed, after deducing appropriate amounts for those times when the child was with Shaw and during the time the parties agreed support was not owed. We conclude the District Court did not abuse its discretion in concluding that the ALJ's decision should be upheld.

¶7     Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ JAMES C. NELSON
/S/ PATRICIA O. COTTER
/S/ BRIAN MORRIS

3